EDWARD MOLITOR v. GEORGE ROBINSON AND DAVID CRIPPEN.

*Good faith is a question for the jury—Sale fraudulent as against creditors—Comp. L., § 4703.*

A purchaser's good faith is not conclusively established by his uncontradicted testimony. The question is for the jury.

A sale made by a debtor and not accompanied by immediate delivery is only *prima facie* fraudulent as against his creditors, and not conclusively so. Comp. L., § 4703.

Error to Alpena. Submitted Jan. 9. Decided Jan. 21.

REPLEVIN. Plaintiff brings error. The facts are stated.

*Kelley & Clayberg* for plaintiff in error. Where a purchaser testifies without contradiction that his purchase was in good faith, there is no question of fraud to go to the jury, *Roberts v. Field*, 27 Mich., 337; *Ins. Co. v. Baring*, 20 Wall., 159; *Algur v. Gardner*, 54 N. Y., 360; *Lane v. R. R. Co.*, 14 Gray, 143.

*V. C. Burnham* and *Holmes & Carpenter* for defendants in error.

COOLEY, J.   The title to a horse is in controversy in this suit.   Plaintiff claims it by purchase from Albert Molitor, the former owner, and the defendant Robinson claims a right to hold it as constable by virtue of a levy of an execution issued on a judgment in favor of Crippen, the other defendant.   The levy was made after the pretended purchase by plaintiff, and defendants dispute the *bona fides* of the purchase.

Several exceptions were taken to the proof of the judgment and execution, but we think no error was committed in receiving them in evidence.   The real controversy arose upon the fact that no visible change of possession took place at the time the purchase of the horse was said to have been made.

The statute, Comp. L., § 4703, provides that "Every sale made by a vendor of goods and chattels in his possession, or under his control, and every assignment of goods and chattels by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold, mortgaged, or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith, and shall be conclusive evidence of fraud; unless it shall be made to appear, on the part of the persons claiming under such sale or assignment, that the same was made in good faith, and without any intent to defraud such creditors or purchasers."

Under this statute it became necessary for plaintiff to take upon himself the burden of showing the *bona fides* of his purchase, and he became a witness on his own behalf, and testified to purchasing the property in good faith and paying the purchase price in money. There being no distinct evidence to the contrary, plaintiff claimed that there was nothing on this branch of the case to leave to the jury; in other words, that good

faith was conclusively made out by this evidence, thus left to stand uncontradicted. The circuit judge, however, held that the question must be submitted to the jury, and in this he was correct. The jury were under no obligation to believe the plaintiff's statement, and unless it convinced their reason, they were entirely at liberty to reject it altogether. They must take the evidence with all its surroundings; and often other things which go to characterize a transaction are more convincing than positive evidence of any single witness, especially if an interested witness.

But the judge committed a grave error in giving to the jury his construction of the statute. "Gentlemen of the jury," he said, after reciting the statute, "if one of the jurors should sell a horse to another of the jurors, and should not make an immediate delivery of that horse, and should not have it followed by an immediate and continued change, and an actual change of possession of the property; if at that time the one who sold the horse had debts standing out against him, that sale would be absolutely void as against those creditors of yours; they, the creditors, could come right in and take that horse upon your debt, no matter how *bona fide* the sale may have been. The sale may have been a perfectly good sale as between the parties to the sale, yet against outside parties who were creditors or subsequent purchasers in good faith, the sale under this statute would be absolutely void. And the fact that there was no immediate change of possession, and a continued change of possession, and an actual change of possession at the time of the sale, is conclusive evidence under this statute that the sale is fraudulent."

This is a singular misapprehension of the statute. It converts the *prima facie* case which the statute expressly authorizes the party, if he can, to overcome by evidence, into a case absolutely conclusive. The mere contrast of the statute with the charge renders the error too manifest for comment.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.