## MARSHALL *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted January 5, 1888. — Decided January 23, 1888.

Seventy-five per cent of forty-five hundred dollars is the maximum pay to which an officer of the Army of the United States placed on the retired list as a colonel is entitled.

The appellant brought suit against the United States in the Court of Claims, where judgment was entered against his claim. The case is stated in the opinion of the court.

*Mr. R. B. Warden* for appellant.

*Mr. Attorney General, Mr. Assistant ·Attorney General Howard,* and *Mr. R. P. Dewees* for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

Elisha G. Marshall — the intestate of the appellants — served as a cadet from July 1, 1845, to July 1, 1850; was in the active service of the Army, in different positions, from the latter date until September 11, 1867, when he was placed on the retired list, with the rank of colonel, and thereafter served continuously, until April 11, 1882, on the retired list of the Army.

The claim made by his administrators is that "the pay of his grade, as provided by law," is $2625, and that he was entitled, from and after July 1, 1870, to forty per centum on that sum for length of service; in all, to the sum of $3675 per annum; whereas, he was only allowed and paid the sum of $3375 per annum, or seventy-five per centum of the maximum pay of a colonel in active service.

The following sections of the Revised Statutes were brought forward from the act of Congress, approved July 15, 1870, entitled "An act making appropriations for ·the support of the Army for the· year ending June 30, 1871, and for other purposes," 16 Stat. 315–20, c. 294:

"SEC. 1261. The officers of the Army shall be entitled to the pay herein stated after their respective designations; . . . colonel; three thousand five hundred dollars a year. . . .

"SEC. 1262. There shall be allowed and paid to each commissioned officer below the rank of brigadier-general, including chaplains and others having assimilated rank or pay, ten per centum of their current yearly pay for each term of five years of service.

"SEC. 1263. The total amount of such increase for length of service shall in no case exceed forty per centum on the yearly pay of the grade as provided by law."

"SEC. 1267. In no case shall the pay of a colonel exceed

four thousand five hundred dollars a year, or the pay of a lieutenant-colonel exceed four thousand dollars a year."

"Sec. 1274. Officers retired from active service shall receive seventy-five per centum of the pay of the rank upon which they are retired."

The contention in behalf of the appellants is that under § 1274 a colonel upon being retired should receive seventy-five per centum of the pay of his rank or grade on the active list, and in addition thereto, such longevity increase pay as length of service shall entitle him to under § 1262, without regard to what his current pay might have been had he remained on the active list. It is insisted that Colonel Marshall was entitled to receive, after five years service from July 1, 1870, $2887.50, that is, $2625, or seventy-five per centum of the colonels' grade pay of $3500, and $262.50, or ten per centum of his current yearly pay during that period; and, upon the same basis, $3176.25 after ten years of service; $3493.87, after fifteen years of service; and $3675, after twenty years of service — the increase stopping at the last sum, by reason of the provision in § 1263, that the total amount of longevity increase shall not exceed forty per cent of the yearly pay of the grade.

The construction of the statutes which this view would require cannot be sustained. When it is provided, in respect to officers in active service, that in no case shall the "pay of a colonel exceed four thousand five hundred dollars a year," and that "officers retired from active service shall receive seventy-five per centum of the pay of the rank upon which they are retired," there is no room left for construction. Colonel Marshall was retired upon the rank of colonel. The annual maximum pay of that rank was and is forty-five hundred dollars. He received seventy-five per centum of that maximum pay, and, therefore, received all that Congress authorized to be paid to him as a colonel on the retired list.

*Judgment affirmed.*