SCHULZ v. SCHULZ.

1. TRIAL — ACTION ON NOTE — EVIDENCE — COMPROMISED CLAIM — INSTRUCTIONS.

Defendant was charged by the administrator of his mother's estate with a loan of $500. In a conference at the probate office, defendant admitted having received $350, and produced notes for the amount, signed by himself, which he claimed had been returned to him by the deceased upon her receiving payment. The probate judge pronounced the notes forgeries, and a new note for $350 was finally given by defendant and accepted by the administrator. *Held*, that evidence of these facts in an action upon the note warranted an instruction as to the law governing compromises of disputed claims.

2. SAME.

In any event, the instruction as to compromises could not have been prejudicial to defendant, where the jury were also charged that if it should be found that he gave notes to deceased for the $350 which he borrowed of her, and that he paid these notes, he would not be liable in the case.

3. SAME—REPEATING INSTRUCTIONS—REMARKS OF COURT.

After giving the instruction last referred to, the court read a request of the defendant which covered the precise point in different language, and said: "I think I will decline it. It is good law, but I do not think it necessary for that language." *Held*, equivalent to saying that he did not deem it necessary to repeat an instruction already given.

4. SAME—MODIFICATION OF REQUEST.

An instruction that the fact that defendant, at a specified time four years before the trial, took $208 from his house, and soon after returned without the money and with a $200 note, was evidence of its payment, was properly modified by stating

that this would be true if in fact the jury should "believe that he did so," there being evidence that the $200 note produced by defendant as the same note was freshly written.

5. SAME—EVIDENCE—DECLARATION OF PURPOSE—RES GESTÆ.
    Evidence that defendant, on leaving the house with the money, stated that he was going to pay his mother, was not admissible as part of the *res gestœ.*

6. SAME—MOTIVES.
    Evidence that defendant, who claimed to have destroyed the notes produced at the conference because he was told by the probate judge that he might be "put through" for retracing them, destroyed other notes at the same time, was admissible, as bearing on the probability of the reason assigned by him.

7. SAME — WITNESSES — UNDISPUTED TESTIMONY — WHAT CONSTITUTES.
    It is only in a case where the testimony of a witness is not only unopposed by direct evidence, but where it is not in conflict with the just and proper inferences to be drawn from other facts proved in the case, that it is proper for the court, in giving his instructions, to treat the evidence as wholly undisputed.

Error to Saginaw; Kendrick, J.   Submitted June 11, 1897.   Decided June 28, 1897.

*Assumpsit* by Julius Schulz, administrator of the estate of Maria E. D. Schulz, deceased, against William Schulz, upon a promissory note.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*James H. Davitt* and *H. E. Naegely,* for appellant.

*Fred H. Allen (E. L. Beach,* of counsel), for appellee.

MONTGOMERY, J.   This is an action upon a promissory note for $350 made by defendant to plaintiff as administrator.   The execution of the note was not denied.   The defenses were failure of consideration and duress.

It appears from the testimony that defendant in April, 1890, had borrowed money of deceased, who was his mother, and that at the time of the execution of this note,

August 17, 1895, a conference was held at the office of Judge Brucker, who was at the time probate judge of the county, relative to the claim of the estate against defendant. There were present at this conference Judge Brucker, the defendant, the plaintiff, and Rudolph Schulz, another brother. Defendant's testimony tended to show that upon borrowing the money of his mother in 1890 he had given two notes, of $150 and $200, respectively, and his theory was that the notes had been paid to his mother in her lifetime, and were in his possession at the date of the conversation in question. Two notes signed by defendant, and purporting to be the notes executed to his mother, were produced at this interview. The testimony on the part of the plaintiff tends to show that these notes had been recently written, that the ink was fresh, and that they could not have been in existence since 1890. Defendant testified that the notes that he had given had become obscure, and that he retraced the writing on the notes before they were presented at this interview; that in the conversation Judge Brucker told defendant that, if he could not adjust the matter with his brothers, it meant a lawsuit; and that Judge Brucker, in effect, pronounced the notes forgeries. Defendant says that, when Judge Brucker charged that the notes were recently written, "it struck me right away, because I had retraced them," and further testifies that Judge Brucker then said, "Did you know your brothers could put you through for that?" This last statement is disputed by the plaintiff's witnesses. It was also in evidence that the brothers of defendant claimed at the interview that defendant had had other moneys of the deceased. The assignments of error relate to the charge and refusals to charge, and to rulings upon evidence.

The circuit judge charged the jury that the law favors compromises, and that if a *bona fide* claim with a color of right is made by one party, honestly and in good faith believing it to be a valid claim, and the other party, disputing the amount of the claim, agrees upon a settlement,

such settlement is binding. It is complained of this instruction that there is no evidence tending to show that this transaction amounted to a compromise of a disputed claim. While we think the question not very material, in view of other instructions in the case, we think there was some evidence to show, not only that plaintiff claimed that defendant had received more than the $350, but that defendant admitted that he had received more than that amount from his mother. It is true that, by the great weight of the testimony, the matter in controversy would appear to have been only this $350; but the record is not destitute of testimony of other and further claims. Judge Brucker testified that the administrator made a claim that William had borrowed at different times something like $500 or $600, and had not paid it back; that he owed it to the estate. It is said that there is no evidence that this $350 was received as a settlement of anything other than the amount borrowed in 1890. But we think, in view of the claim that was made, and the giving of this note, it was at least a question for the jury as to whether it was not received in settlement of all the claims put forth by the plaintiff in these negotiations. Indeed, we think the inference almost irresistible that such was the intention of the parties. But a further answer to the complaint of defendant in this respect is that the circuit judge charged the jury that if it should be found that the defendant gave notes to his mother for the $350 which he borrowed of her, and that he paid these notes, defendant would not be liable in this case. It is difficult to conceive how the jury could have been misled by any instruction on the subject of a compromise.

After giving the instruction last above referred to, the court read a request of the defendant which covered the same point precisely, in different language, and said: "I think I will decline it. It is good law, but I do not think it necessary for that language." This is complained of. We do not think this could have worked any injury to the defendant, as it was no more than saying that the court

did not deem it necessary to repeat an instruction already given.

Defendant and his wife testified that on or about the 5th of April, 1891, defendant's wife let him have $208, which he took from the house, and returned with the note of $200. Defendant testified that when he returned home he did not have the $208 in his possession, but only $2, and that he had the $200 note above referred to, and that he got the $200 note while he was away from home that day. Defendant preferred a request as follows: "The fact that on the 5th of April, 1891, defendant took $208 from his house, and returned, after being absent some hours, without the money and with the $200 note, is evidence of its payment." The court gave this instruction, adding: "That is true. If in fact you believe that he did so, it would certainly be evidence for you to consider as to the correctness of that fact." It is contended that this modification, "if in fact you believe that he did so," was strongly calling in question the undisputed testimony of the witnesses. But the testimony was not undisputed. It is in conflict with the theory of the plaintiff and with the testimony of plaintiff's witnesses, which tended to show that the note which was produced at the conference in 1895 was freshly written, and which defendant testified was the same note which he had brought home April 5, 1891. The modification of this instruction was not only proper, but necessary. The request preferred by defendant assumed the statement embodied in it to be a fact established. It would have been error to give the instruction in the form presented.

Two requests were presented in which the judge was asked to state to the jury that certain facts testified to by defendant's wife were undisputed, and that this testimony should be accepted by the jury as true. It is only in a case where the testimony of a witness is not only unopposed by direct evidence, but where it is not in conflict with the just and proper inferences to be drawn from other facts proved in the case, that it is proper for the

court to treat the evidence as wholly undisputed. As before pointed out, the testimony of Mrs. William Schulz, in material respects, was in conflict with other testimony in the case; and whether, upon these specific questions, she was directly contradicted by any witnesses, is not material, for, if she were shown to have testified falsely upon any material fact in the case, this would so far affect her credibility that the jury would not be bound to accept her unsupported statements. There was no error in refusing these requests.

It appeared in the testimony of defendant that the two notes produced by him in the interview were destroyed. On cross-examination he was asked if he destroyed any other notes at the time these were destroyed. Error is assigned on the ruling admitting this testimony. We think it was proper cross-examination. Defendant had testified that he destroyed the two notes for the reason that Judge Brucker had said to him, "Do you know your brothers could put you through for that?" referring to the retracing of the notes, as he claims. We think it was competent to show that other notes, which he had no reason to suppose could be used as evidence against him, were destroyed at the same time, as bearing upon the probability of the reason he had assigned for destroying those in question being the true one.

The wife of defendant, was asked to state what defendant said at the time he took the money (the $208) and left the house. The evident purpose was to show a declaration that he was going to pay the money to his mother. It is contended that it is part of the *res gestœ*. But it was no more than the declaration of a purpose. It did not characterize an act shown to have been performed, but was an assertion of a purpose to perform an act. *Res gestœ* are circumstances, facts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate it. We think the testimony was not admissible. See *Pinney* v. *Jones*, 64 Conn. 545 (42

Am. St. Rep. 209); *Home Ins. Co.* v. *Marple,* 1 Ind. App. 411; *Tolbert* v. *Burke,* 89 Mich. 132.

We think no error was committed to the prejudice of defendant, and the judgment will be affirmed.

LONG, C. J., GRANT and MOORE, JJ., concurred. HOOKER, J., did not sit.