SUNDERLIN v. MECOSTA COUNTY SAVINGS BANK.

1. BANKS—INSOLVENCY—COLLECTIONS—TRUST FUND.

Where a bank receives for collection a check drawn upon it by a depositor, and, after charging the same to his account, pending payment to the owner, passes into insolvency, the amount of the check does not constitute a trust fund in the hands of the receiver.

2. SAME—DRAFTS—EQUITABLE ASSIGNMENT—PREFERENCES.

The giving and receipt of a draft, drawn by a bank upon its correspondent, in the ordinary form, in favor of one from whom it has received certain paper for collection, does not constitute an equitable assignment *pro tanto* of an indebtedness owing by the correspondent, so as to entitle the payee, in the event of the drawer's becoming insolvent before presentation of the draft, to priority over general creditors.

Appeal from Mecosta; McMahon, J., presiding. Submitted February 1, 1898.   Decided March 15, 1898.

Eugene A. Sunderlin, as acting commissioner of the state banking department, filed a bill for, and obtained, the appointment of a receiver for the Mecosta County Savings Bank. The petition of the Fourth National Bank of Grand Rapids, for the allowance of its claim as preferred, was denied, and petitioner appeals. Affirmed.

*Fletcher & Wanty*, for petitioner.

*M. Brown*, for the receiver.

HOOKER, J. On October 23, 1896, the Fourth National Bank of Grand Rapids sent by mail to the Mecosta County Savings Bank, for collection, a number of items, consisting of checks drawn by various persons upon the latter bank, amounting to $3,197.17. No money was received by the Mecosta Bank upon the checks, but they were charged upon the books of the bank against the several and respective drawers. On October 27, 1896, the Mecosta Bank sent to the Grand Rapids bank a draft for $3,194 upon its correspondent in New York, the Hanover National Bank, which, on October 28th, it forwarded to the Hanover National Bank. On receipt of this draft, the Hanover National Bank refused payment, on the ground that the Mecosta Bank had made an assignment for the benefit of creditors, and on October 30th returned the draft. At this time the Mecosta Bank had a credit of $4,638.82 with the Hanover Bank, which sum has since been paid to the receiver of the Mecosta Bank. The petitioner, the Fourth National Bank, asks that the receiver be directed to pay its claim, on the ground that it is a preferred creditor, and has appealed from an order denying the prayer in its petition. The claim is based upon two propositions: *First*, that there was a trust fund, arising from the collection of the checks, which came to the hands of the receiver; *second*, that the receipt of the draft amounted to an equitable assignment of the fund in the Hanover Bank, to that amount.

There is not entire harmony in the authorities upon this subject. Where there are circumstances of a special nature indicating an intention to make money received upon a collection a special deposit, such money has sometimes been held to be a trust fund, and the trust attaches to any actual fund into which the money received can be traced; and there have been cases which seem to go so far as to hold that this extends to all of the property of the bank, although it be evident that the actual fund into which the money was traced has been exhausted, and notwithstanding the fact that what remains could not, by

reason of its different nature, by any possibility, include
it. Again, other cases hold that it is not necessary to
show that there was an actual receipt of money at all,
but that it is sufficient if, through ᵧa charge against a
depositor, the bank takes credit for the amount, where
the depositor has a credit equal to his check, a fact, by the
way, which does not appear in this case. Such a case is
*McLeod* v. *Evans*, 66 Wis. 401.

The question has arisen in this State several times. It
was held in *Sherwood* v. *Central Michigan Savings*
*Bank*, 103 Mich. 109, that a sum received by a bank
upon a mortgage left for collection, with explicit direc-
tions not to credit the account of the creditor, who lived
in the city, with the amount, when received, but to send
it to him, was a trust fund; and that, when money so
received by the bank was mingled with the other cash of
the bank, it would be presumed that it was not paid out,
so long as such amount remained in the fund. In *Sher-*
*wood* v. *Milford State Bank*, 94 Mich. 78, it was held
that, where the collection was not made in money, but a
check was given, which was charged against the account
of the drawer, and no money was received by the bank,
no trust fund was created. The question was again dis-
cussed in *Wallace* v. *Stone*, 107 Mich. 190, and there the
case turned on a question of fact, viz., whether the debtor
actually paid the money upon the collection, after draw-
ing it from the bank, whose certificate of deposit she held,
or merely turned in the certificate in payment of the col-
lection. A majority of the court thought the actual pay-
ment of money established. The minority, being of a
different opinion, found it necessary to discuss the ques-
tion involved in this case, and adhered to the doctrine
applied in *Sherwood* v. *Milford State Bank*. As this
opinion contains our views of the subject, with authorities,
it is unnecessary to repeat them here. The following
cases, cited by counsel, support our own decisions: *People*
v. *Merchants & Mechanics' Bank*, 78 N. Y. 269; *City*
*Bank of Hopkinsville* v. *Blackmore*, 21 C. C. A. 514,

75 Fed. 771; *Nonotuck Silk Co.* v. *Flanders*, 87 Wis. 237, overruling *McLeod* v. *Evans.* There is nothing to show that any tangible thing was received by the bank upon these checks, and consequently there is no such fund in the hands of the receiver. The doctrine contended for would practically be to permit the establishment of a lien upon all of the property of the bank through a mere matter of bookkeeping.

Counsel rely upon the case of *Fourth Street Bank* v. *Yardley*, 165 U. S. 634, upon their second point. An examination of that case will show that it is exceptional, and that "a check drawn in the ordinary form does not, as between the maker and payee, constitute an equitable assignment *pro tanto* of an indebtedness owing by the bank upon which the check has been drawn, and that the mere giving and receipt of the check does not entitle the holder to priority over general creditors." Such is the case before us. There is nothing to show anything in the nature of an agreement that this check, drawn generally, should be paid out of a particular fund, or any representation regarding such fund upon which the petitioner relied, as in the case cited. *Second Nat. Bank* v. *Williams*, 13 Mich. 282; *Grammel* v. *Carmer*, 55 Mich. 201; *Brennan* v. *Merchants & Manufacturers' Nat. Bank*, 62 Mich. 343; *McIntyre* v. *Merchants' Bank*, 115 Mich. 255.

The order of the learned circuit judge is affirmed, with costs.

The other Justices concurred.