DETROIT SAVINGS BANK *v.* HAINES.

1. INTERPLEADER—APPEAL—PARTIES.

Where the decree on a bill of interpleader brought by a bank to determine the right to a deposit relieves the bank from all liability on payment of the fund into court, and an appeal from the decree is dismissed, the bank is not a proper party to an appeal from the final decree determining the right to the fund as between the claimants.

2. SAME—BANK DEPOSIT—RIGHT TO.

Money deposited in a bank is *prima facie* the property of the person in whose name the deposit is made, and an adverse claimant on interpleader must show a clear title thereto.

3. BENEFIT SOCIETIES—TITLE TO FUNDS—TRANSFER TO DIFFERENT ORDER.

Where, under the laws of a fraternal beneficiary association, a sick-benefit fund accumulated by a subordinate lodge is the property of the latter body, a receiver of the parent organization is not entitled thereto as against another society to which the fund has been transferred by the local lodge.

Appeal from Wayne; Donovan, J. Submitted April 16, 1901. Decided July 19, 1901.

Bill of interpleader by the Detroit Savings Bank against William A. Haines, receiver of the Supreme Commandery of the United Friends of Michigan, and the Germania Loge, No. 1, des Deutschen Orden von Detroit, to determine the title to a deposit. From a decree in favor of defendant Germania Loge, defendant Haines appeals. Affirmed.

*W. C. Campbell* (*Thomas Hislop*, of counsel), for appellant.

*Otto Kirchner*, for defendant appellee.

*Sidney T. Miller* and *James Cosslett Smith*, for complainant.

LONG, J.   On the 6th day of January, 1897, the defendant appellee opened a savings account with the complainant bank by a deposit of $2,804.27.   Several sums, in various amounts, were drawn out from time to time, so that on December 31, 1898, there remained a balance due said defendant appellee of $1,512.47.   This sum, less $49.20 allowed complainant for costs, is the sole subject of controversy here.

On the 26th day of July, 1898, Ida M. Crout Potter filed her bill of complaint in the circuit court for the county of Wayne, in chancery, against the Supreme Commandery of the United Friends of Michigan.   The supreme commandery was made the sole defendant.   The bill, among other things, prayed for an injunction against E. F. Lamb, William A. Haines, and the Citizens' Savings Bank, restraining them from paying any money or disposing of any property in their hands belonging to said defendant. On the 26th day of July, 1898, the circuit court made an order appointing Mr. Haines receiver, and also allowed an injunction directed to the complainant bank, in no way mentioned in the bill, restraining it from paying out certain money described in the writ of injunction.   After the service of such injunction, complainant bank declined to pay any money to the defendant appellee.   Being threatened with suit, leave having been first obtained, the bank filed its bill of interpleader against William A. Haines, receiver of the Supreme Commandery of the United Friends of Michigan, and the defendant appellee, as defendants.   The bill averred the opening of the account with the complainant bank by defendant appellee, the respective claims of defendants to the fund in controversy, and asked that they be ordered to interplead, and that complainant be permitted to pay the money into court.

The defendant appellee answered that the money in controversy was its sole property; that the defendant Haines, receiver, never had any title to the same; that it was not, and never had been, a subordinate lodge of said Supreme Commandery of the United Friends, and was

not, and never had been, subject to its jurisdiction or control; that it was a subordinate lodge of the Grand Loge of the Deutschen Orden von Detroit, a corporation organized and existing by and under the laws of this State. Mr. Haines, the receiver, defendant appellant, answered that he had no knowledge of the opening of the account in complainant bank by appellee defendant, nor of defendant appellee's demand for the money upon complainant bank. He admitted the incorporation of the Grand Loge of the Deutschen Orden von Detroit, and that defendant appellee was one of its subordinate lodges. He claimed that the fund in controversy had been the property of Germania Commandery, No. 30, of the United Friends, and had been fraudulently withdrawn and transferred to defendant appellee, an organization not under the jurisdiction of the Supreme Commandery of the United Friends. By way of cross-bill, the answer claimed that complainant bank had notice of the right and title of the receiver defendant to the fund in controversy, and afterwards paid out part of it to appellee defendant. It prayed that the complainant bank might be held liable for all the money in its hands at the time it received notice of the receiver's title to the fund. The bank filed its answer to the cross-bill, and a replication to the general answer.

The case came on to be heard on pleadings and proofs by the examination of witnesses in open court. The proofs on that hearing were not restricted to the right of the complainant bank to interplead, nor to the amount for which it was liable, if at all, to the receiver defendant; but the testimony taken covered all points of difference between the parties. On the 12th day of June, 1899, the court below made a decree dismissing the receiver defendant's answer in the nature of a cross-bill, and directed the complainant bank to pay into court the sum of $1,531.37, less costs to be taxed, and that, upon making such payment, the complainant bank be discharged from all liability to either of the defendants. It directed the defendants to interplead and settle title to the fund between them-

selves.   From that decree, defendant appellant appealed, and his appeal in that behalf was dismissed by the Supreme Court on October 2, 1900.   Thereafter the complainant bank had no further interest in the controversy, and since that time it has not been properly a party to the suit, though it is now here a  party to the appeal.   The defendants did not formally interplead.   They were content with the issue framed by their respective answers, and were content to go to a  hearing, and did go to a  hearing, upon the issue as thus framed.

The defendant Germania Loge- claimed it was entitled to the fund, and accordingly presented to the court for his signature a decree awarding the money to it.   This the court declined to sign, whereupon defendant appellee presented to the Supreme Court a petition praying for a *mandamus* to compel the lower court to sign such decree. The reasons of the learned judge's refusal to sign the decree are set up in his answer to the petition.   They were, in substance, that the case of Ida M. Crout Potter against the supreme commandery was the principal case; that the interpleader suit was a mere ancillary proceeding; that the main case had not been heard at all, nor had all other claims, one represented by Attorney Stanley, and one by Attorneys Flowers & Moloney, been disposed of, each of whom claimed interest in the outcome and disposal of the funds ordered paid into court on the hearing of the interpleader branch of the case, relating to the bank's holding of the deposit in question.   The appeal of the receiver defendant, already noticed, put an end to all proceedings for a *mandamus* in this court.   After the appeal had been dismissed by this court, and no third person having established claim to the fund in controversy, the court, on the 8th day of October last, made a decree awarding the fund in controversy to defendant appellee. From that decree the receiver has appealed.   It is that appeal that is now on hearing.

The complainant bank now comes into this court and claims the right to be discharged from any further liabil-

ity in the matter, with its reasonable costs. The bank was not properly made a party to the appeal, and that prayer must be granted, with its costs against Haines, receiver.

It is the contention of counsel for defendant appellee that the fund in controversy was deposited in the complainant bank in the name of the defendant appellee, and that *prima facie* it was its property, and cannot be disturbed until the receiver shows a perfect title to it. We think this statement is correct. It appears conclusively that the fund was originally the property of the Knights of Honor; that that lodge had a sick-benefit fund of $2,525.79; that this money was presented by the Knights of Honor to four gentlemen in various sums, and they in turn made a present of it to the "sick fund" of the Germania Commandery, No. 30, United Friends. $563.79 of that money was paid to the United Friends for assessments. The sick-benefit fund was no part of the general fund. Mr. Schroeder, a witness for defendant appellant, produced the records of Germania Commandery, No. 30. The record there recites that:

"The proposition to change the law respecting the sick fund was read a third time, and then adopted. It was moved and seconded that the sick-fund association—the association for the benefit of the sick of Germania Commandery, No. 30—do secede or separate itself from Germania Commandery, No. 30, and ally itself with Germania Loge, No. 1, of Detroit; and it was unanimously adopted or carried. It was moved and supported that the trustees be authorized to accomplish this, and it was adopted."

It appears that all the members of the sick-benefit fund association of the Germania Commandery, except two or three, voted in favor of this resolution to secede, and then allied themselves with Germania Loge, No. 1. The fund was carried over by the same vote. The fund belonged to these members as a sick-benefit fund. It is apparent that the supreme commandery, represented here by the receiver, has no right to or interest in this sick-benefit fund. The funds, and the only ones, to which the supreme com-

mandery is entitled, are prescribed by the laws of that commandery, as follows:

"The revenue of the supreme commandery shall be derived from charter fees from subordinate commanderies, *per capita* tax from subordinate commanderies, and from the sale of supplies to subordinate commanderies and other members of the order."

It was not, therefore, entitled to this sick-benefit fund. That fund belonged to Germania Commandery, No. 30, which, by almost unanimous vote, passed it over to the defendant appellee.    It is clear that the supreme commandery has no interest in the fund, and was not entitled to the relief asked.    The court below very properly decreed that the moneys belonged to the sick-benefit fund, and that the defendant appellee was entitled to them.    That decree must be affirmed, with costs against the receiver.

HOOKER, MOORE, and GRANT, JJ., concurred.  MONTGOMERY, C. J., did not sit.