PAYNE v. UNION LIFE GUARDS.

1. LIFE INSURANCE—CONDITIONS OF POLICY—VIOLATION OF LAWS OF LAND.
   Under a life-insurance policy providing that the company should not be liable on account of the death of the insured while violating the laws of the land, the company is not liable if the insured came to his death while engaged in an affray in which he was the aggressor.

2. WITNESSES—CREDIBILITY—QUESTION FOR JURY.
   Wherever the circumstances are such as to raise a question as to the credibility of a sole witness to a transaction, the case should be submitted to the jury.

3. SAME—CONTRADICTORY STATEMENTS.
   Where a sole witness to a transaction is shown to have made contradictory statements, the case should be submitted to the jury.

Error to Bay; Shepard, J. Submitted February 23, 1904. (Docket No. 95.) Decided April 26, 1904.

*Assumpsit* by Andrew W. Payne against the Union Life Guards on a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

*Joseph H. Cobb* (*Lee E. Joslyn*, of counsel), for appellant.

*Pierce & Kinnane*, for appellee.

MONTGOMERY, J. This is an action on a policy or benefit certificate issued to plaintiff's father, Andrew W.

Payne. The testimony shows the decease of Andrew W. Payne, Sr., while in good standing, and that, by the terms of the policy, there is due to plaintiff $632.15, the amount recovered below, unless the defense offered was established. All the errors assigned are devoted to rulings made upon the trial of this issue. A by-law, which is made a part of the policy, contains a provision that "no benefit shall be payable on account of the death of any member * * * while violating the laws of the land." Andrew W. Payne, Sr., came to his death by violence at the hands of one George Hossler. It was the claim of the defendant that, when the deathblow was administered, deceased was engaged in an assault upon Hossler. The circuit judge charged the jury upon this subject as follows:

"The one simple thing for you to determine is, Who was the aggressor? Did Andrew Payne intend to bring about this controversy, start an affray, an assault, which resulted, unfortunately, in his death? If he did; if he was doing something that was in violation of the criminal law of the land, of the State; that is, seeking to assault or commit an assault and battery upon the person of the man Hossler,—and brought about the affray which resulted in his death, he was violating the law of the land, and the plaintiff cannot recover. * * *

"If you find that Andrew W. Payne, the insured, went to the house of George Hossler, and that he then and there, by means of any words spoken, did maliciously threaten any injury to the person of the said George Hossler, with intent to extort money or any pecuniary advantage, or with intent to compel said George Hossler to return his lumber or pay him for the lumber against his will, or to compel the said Hossler to do or refrain from doing any act against his will, and, as a result of such threats, a fight was brought on, then I charge you that the insured met his death while violating the laws of the land, and your verdict must be for the defendant."

These instructions, with further amplifications, which need not be set out at length, submitted fairly the question involved.

But it is contended that the testimony of Maud Hossler, the wife of George Hossler, the only witness to the affray,

conclusively showed that deceased was the aggressor, and
that therefore a verdict should have been directed for de-
fendant.    There are two answers to this contention:
*First*. The surroundings were such as to raise a question
as to the witness' credibility, and, whenever this is the
case, the jury is entitled to pass upon the question. *Mol-
itor* v. *Robinson*, 40 Mich. 200; *Dibble* v. *Assurance
Co.*, 70 Mich. 1 (37 N. W. 704, 14 Am. St. Rep. 470);
*Schulz* v. *Schulz*, 113 Mich. 506 (71 N. W. 854). *Sec-
ond*. There was testimony which tended to contradict
Maud Hossler in material points, by showing contradict-
ing statements.

Other questions are discussed in the brief of appellant's
counsel, but our views upon these questions were indicated
at the argument.    A re-examination of these questions has
failed to convince us that any damaging error of which
appellant is in position to complain was committed.

The judgment is affirmed.

The other Justices concurred.