Pease & Dwyer v. Bank.

PEASE & DWYER *v.* STATE NATIONAL BANK.*

*(Jackson.*   April Term, 1905.)

1.   **BANK CHECK.** Payment may be stopped by drawer before acceptance.

   The drawer of a check in the usual form upon his general account with a bank, firm, or other person, before it is accepted, expressly or by implication, may revoke it, and forbid its payment, and any subsequent payment by the bank is made at its peril. (*Post, pp.* 694-698.)

   Acts cited and construed:   Negotiable Instruments Law, Acts 1899, ch. 94, sec. 189.

   Cases cited and approved:   Imboden v. Perrie, 13 Lea, 505; Pickle v. Muse, 88 Tenn., 385; Akin v. Jones, 93 Tenn., 356; Attorney-General v. Insurance Co., 71 N. Y., 325; Lunt v. Bank, 49 Barb., 221; Bank v. Bank, 118 Pa., 313; Kahn v. Walton, 46 Ohio St., 205; Mining Co. v. Brown, 124 U. S., 391; Railroad v. Johnston, 133 U. S., 574; Bank v. Yardley, 165 U. S., 634; Schneider v. Bank, 1 Daly (N. Y.), 501; O'Connor v. Bank, 124 N. Y., 332; Randolph v. Allen, 19 C. C. A., 353; State v. Bank, 49 La. Ann., 1078; House v. Kountze, 17 Tex. Civ. App., 406; Sunderlin v. Bank, 116 Mich., 284.

2.   **SAME.** Drawer is precluded from stopping payment where it was the intention to assign the specific fund, when.

   There are cases in which this general rule, stated in the foregoing headnote, does not apply, but it must be clearly shown in such cases that it was the intention of the parties to assign all, or part, of the specific fund on deposit. (*Post, p.* 698.)

   Case cited and approved:   Bank v. Yardley, 165 U. S., 634.

---

* As to right to stop payment of check, see note to Canterbury v. Bank of Sparta (Wis.), 30 L. R. A., 845.

3. **SAME.** Payment by drawee bank after stoppage of payment is not ratified by drawer's suit against payee, when.

The mere institution of suit by the drawer of a bank check against the payee to recover the amount thereof is not a ratification of the act of the drawee bank in paying the check after instructions to refuse payment, especially where the facts stated in connection therewith are not sufficient to show a ratification of the payment of the revoked check. (*Post, pp.* 698-699.)

### FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— H. F. HEISKELL, Chancellor.

CARROLL, M'KELLAR, BULLINGTON & BIGGS, for complainant.

HUNSTON & CARY, for defendant.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Complainant, a corporation and depositor with the defendant, the State National Bank, having a balance to its credit of more than $5,000, drew a check thereon July 19, 1904, payable to the order of J. W. Dickson & Co., for $600, and delivered it to the payee. Three days later, July 21, 1904, complainant instructed the defendant to refuse payment of the check, which instruction it ig-

nored, and paid the check July 25, 1904, charged it to the account of the complainant, deducted it from its balance, and afterwards refused to account for the money when demanded.

This bill is brought to recover the proceeds of the check, and interest thereon from the day when paid. The chancellor decreed in favor of the complainant, and defendant has appealed and assigned errors.

We are of the opinion that there is no error in the decree of the chancellor. The drawer of a check in the usual form, upon his general account with a bank, firm, or person, before it is accepted, expressly or by implication, may revoke it and forbid its payment, after which payment, if made, is at the peril of the bank. A check of this kind is not an appropriation of any part of the funds to the credit of the drawer with the bank, and does not constitute any claim or right of action against the bank until it is accepted or certified by it. The remedy of the holder, if payment is refused, is against the drawer. Negotiable Instrument Law, Acts 1899, p. 172, c. 94, section 189; *Imboden* v. *Perrie,* 81 Tenn., 505; *Pickle* v. *Muse,* 88 Tenn., 385, 12 S. W., 919, 7 L. R. A., 93, 17 Am. St. Rep., 900; *Akin* v. *Jones,* 93 Tenn., 356, 27 S. W., 669, 25 L. R. A., 523, 42 Am. St. Rep., 921.

In *Imboden* v. *Perrie,* 81 Tenn., 505, supra, the contest was between a creditor whose attachment was levied by garnishment upon the balance of a depositor in a bank, and the payee in a check drawn upon the bank before

the levy of the attachment, and presented afterwards. This court quotes approvingly from *Attorney-General* v. *Continental Life Insurance Co.,* 71 N. Y., 325, 27 Am. Rep., 55, this statement of the law concerning the relations of banks, their depositors, and the holders of unaccepted checks: "Church, C. J., said: *'Lunt* v. *Bank of North America,* 49 Barb., 221, declares the rule accurately, that checks drawn in the ordinary form, not describing any particular fund, or using any words of transfer of the whole or any part of any amount standing to the credit of the drawer, but containing only the usual requests, are of the same legal effect as are inland bills of exchange, and do not amount to an assignment of the funds of the drawer in the bank.

"'This doctrine accords with the relations between the parties. Banks are debtors to their customers for the amount of their deposits. A check is a request of the customer to pay the whole or a portion of such indebtedness to the bearer, or to the order of the payee. Until presented and accepted, it is inchoate; it vests no title or interest, legal or equitable, in the payee, to the fund. Before acceptance, the drawer may withdraw his deposit; the bank owes no duty to the holder of a check until it is presented for payment.' "

The facts of the case of *German National Bank* v. *Farmers' Dep. National Bank,* 118 Pa., 313, 12 Atl., 305, were similar to those in the case of *Imboden* v. *Perrie,* It is there said:

"I presume no one at this day questions the right of

the drawer of a check to stop the payment thereof. This is usually done by notice to the bank on which the check is drawn. If the bank pay after such notice, it does so at its peril. The holder of a check has no remedy against the bank upon which a check is drawn for its refusal to pay it. He must look to the drawer."

In the case of *Kahn* v. *Walton,* 46 Ohio St., 205, 20 N. E., 203, involving this direct question, it is said:

"A check, being simply a written order of a depositor to his banker to make a certain payment out of his funds, is executory, and, of course, revocable at any time before the bank has paid it or committed itself to its payment. . . . The bank is the agent of the drawer. Its duty is to pay his money as he directs. It owes no duty to the holder except under the drawer's directions until by virtue of those directions, it assumes some obligation to the holder; up to that time the latest order from the drawer governs."

In the case of *Florence Mining Company* v. *Brown, Receiver, etc.,* 124 U. S., 391, 8 Sup. Ct., 534, 31 L. Ed., 424, Mr. Justice Field says:

"A general deposit in a bank is so much money to the depositor's credit; it is a debt to him by the bank, payable on demand to his order, not properly capable of identification and specific appropriation. A check upon the bank in the usual form, not accepted or certified by its cashier to be good, does not constitute a transfer of any money to the credit of the holder; it is simply an order which may be countermanded and payment for-

bidden by the drawer at any time before it is actually cashed. It creates no lien on the money which the holder can enforce against the bank. It does not of itself operate as an equitable assignment."

Further cases in accord with these are: *St. Louis & San Francisco Ry. Co.* v. *Johnston,* 133 U. S., 574, 10 Sup. Ct., 390, 33 L. Ed., 683; *Fourth St. Nat. Bank* v. *Yardley,* 165 U. S., 634, 17 Sup. Ct., 439, 41 L. Ed., 855; *Schneider* v. *Bank,* 1 Daly (N. Y.), 501; *O'Connor* v. *Mechanics' Nat. Bank,* 124 N. Y., 332, 26 N. E., 816; *Randolph* v. *Allen,* 73 Fed., 42, 19 C. C. A., 353; *State* v. *Bank of Commerce,* 49 La. Ann., 1078, 22 South., 207; *House* v. *Kountze,* 17 Tex. Civ. App., 406, 43 S. W., 561; *Sunderlin* v. *Mescosta County Saving Bank,* 116 Mich., 284, 74 N. W., 478.

There are cases in which this general rule does not apply, but the fact must clearly show that it was the intention of the parties to assign all or part of the specific fund on deposit. *Fourth Street Nat. Bank* v. *Yardley,* 165 U. S., 634, 17 Sup. Ct., 439, 41 L. Ed., 855.

The insistence of the defendant is that the check was countermanded by complainant not for its own benefit, but for that of the payee, that before payment was forbidden the check had passed into the hands of a bona fide holder for value and without notice, and that the bank, having paid it, is in equity a purchaser, and has the right to set it off against the claim of complainant; and, further, that complainant ratified the payment of the check after it was done by bringing suit against the

payees, J. W. Dickson & Co., to recover the sum for which it was drawn, and interest.

We can see no force in the first insistence but it is not necessary to pass upon it, as there is no proof to sustain it.

It is true that a check payable to order is a negotiable instrument, and, in the hands of an indorsee for value and without notice, it is a valid indebtedness of the drawer. But no such case is presented by this record. It does not appear that the check was indorsed or passed to any one by J. W. Dickson & Co., or to whom it was paid by the bank. The only references we find to an indorsement of it are in the answer and brief of the defendant.

There is evidence, brought out upon the cross-examination of a witness for complainant, that previous to this suit complainant brought one against J. W. Dickson & Co. and others to recover the proceeds of the check, but the record in that case is not in the transcript in this one.

It further appears that the defendant was also sued in the same case with J. W. Dickson & Co., and the bill afterwards dismissed as to it; but we do not know what relief was prayed against the defendant, and the facts stated are not sufficient to show a ratification of the payment of the revoked check.

We are therefore of the opinion that the payment of the check after it was countermanded by the complainant was unauthorized, and that the decree of the chancellor awarding a recovery in favor of the drawer should be affirmed, with costs, and it is accordingly so decreed.