BURCH *v.* BARENDSEN.

GARNISHMENT—EVIDENCE—AGENCY—HUSBAND AND WIFE—CLAIM-ANT OF FUND—BANKS—DEPOSIT AS AGENT.

Where there was competent evidence to show that the husband deposited money which accrued from real property of his wife, as agent, in a separate bank account and that he had collected and owed her a larger amount than the balance garnisheed, and the creditor in garnishment proceedings could not establish the husband's individual ownership of the agency account, the trial court was not in error in directing a verdict for the claimant wife. BIRD, J., dissenting.

Error to Kent; Perkins, J. Submitted June 12, 1916. (Docket No. 40.) Decided July 21, 1916.

Garnishment proceedings in justice's court by John K. Burch against Benjamin F. Barendsen. Amanda Barendsen intervened as third party claimant. Judgment for intervening claimant on a verdict directed by the court. Plaintiff brings error. Affirmed.

*Martin H. Carmody,* for appellant.

*Eastman & Eastman,* for appellee Amanda Barendsen.

BROOKE, J. On October 21, 1913, plaintiff recovered a judgment against defendant, Benjamin F. Barendsen, in the sum of $192.20. On October 31, 1913, garnishment proceedings were instituted against the People's Savings Bank. On November 3, 1913, the bank disclosed that it was indebted to "B. F. Barendsen, Agent," in the sum of $31.60, and on November 11, 1913, made the further disclosure to the effect that Mrs. B. F. Barendsen claimed the fund.

The sole question involved in this case, which has now occupied the attention of three courts, is whether this fund of $31.60, in the hands of the garnishee defendant, belongs to the defendant, Benjamin F. Barendsen, or to his wife. Upon the trial of that issue in the circuit court the plaintiff swore no witnesses. The third party claimant, Mrs. Barendsen, was sworn in her own behalf, and likewise called her husband, the principal defendant, as a witness. Both husband and wife gave positive and unequivocal testimony to the effect that the bank account, which was opened on October 3, 1912, in the name of "B. F. Barendsen, Agent," was in fact the account of the wife. Both testified that the actual business in connection with the account was transacted by the husband, for and on behalf of the wife, that no money was deposited in said account, except such as was the property of the wife, or such as was made by the husband as repayment of loans made by the wife to him. The wife was able to show by reference to recorded conveyances her ownership since marriage of several pieces of real estate, some of which she had sold, and others of which she had rented for some years. It was her claim, as well as that of her husband, that the pro-

ceeds of these sales and rentals, in part, were deposited in the bank, and that the amount of such proceeds was far in excess of the bank balance at any time.

In the court below a verdict·was directed in favor of the third party claimant, the wife. In this court it is the claim of the appellant that the addition of the word "Agent" to the name of Benjamin F. Barendsen does not change the rule of law which presumes that a bank deposit is *prima facie* the property of the person in whose name the deposit is made (*Keidan* v. *Winegar*, 95 Mich. 430 [54 N. W. 901, 20 L. R. A. 705]; *Detroit Savings Bank* v. *Haines*, 128 Mich. 38 [87 N. W. 66]; *Metcalf* v. *Williams*, 104 U. S. 93), and that the burden of proof rested upon the third party claimant to show clear title to the fund.

Admitting the legal principle claimed by·plaintiff, counsel for claimant contends that the burden so cast has been fairly borne, and that there is no testimony in the record contradicting that given by the husband and wife. Counsel for plaintiff contends that, while no affirmative testimony was offered on his behalf, an inspection of the bank account itself, coupled with the cross-examination of the two witnesses sworn in the defense, which it is claimed tended to show the improbability of the truth of their several statements, was sufficient to carry the question to the jury under the authority of the following cases: *Molitor* v. *Robinson*, 40 Mich. 200; *Dibble* v. *Assurance Co.*, 70 Mich. 1 (37 N. W. 704, 14 Am. St. Rep. 470); *Schulz* v. *Schulz*, 113 Mich. 502 (71 N. W. 854); *Wilson* v. *Royal Neighbors of America*, 139 Mich. 423 (102 N. W. 957).

The learned circuit judge, after listening to a very full examination and cross-examination of the witnesses, concluded that there was no question of fact left for the determination of the jury. He seems to have been influenced to this determination largely by

the fact that arising out of the property, the title to which was, or had been, in the wife, there had come to the wife sums largely in excess of the amount deposited. As to the wife's ownership of these several properties, there can be no question, as the conveyances were of public record. After careful scrutiny of the record, we are of opinion that the learned circuit judge made a proper disposition of the case, and that no other conclusion could be reasonably drawn from the evidence. *Wierengo* v. *Insurance Co.*, 98 Mich. 621 (57 N. W. 833); *Jakoboski* v. *Railroad Co.*, 106 Mich. 440 (64 N. W. 461); *Cron* v. *Railway*, 132 Mich. 497 (93 N. W. 1078).

Judgment affirmed.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and PERSON, JJ., concurred with BROOKE, J.

BIRD, J. I think this was a case for the jury.