MUSKEGON LUMBER & FUEL COMPANY *v.* JOHNSON.

1. HUSBAND AND WIFE—ESTATES BY ENTIRETIES—FRAUD.
   A husband has no right to a determinable moiety in entirety property and, in the absence of fraud, his interest cannot be reached by creditors of the husband alone (CL 1948, § 557.81).

2. SAME—PROCEEDS OF ENTIRETY PROPERTY.
   Proceeds from sale of entirety property, which were deposited in bank account standing in husband's name only were not subject to payment of his debts, where evidence shows husband and wife had definite understanding the funds were to be used for their joint use in acquisition of other property to be held as tenants by the entirety, since they had not, by such deposit, become the sole and separate property of the husband, every unity of person, time and estate continuing to exist.

3. SAME—ESTATES BY ENTIRETIES—SEPARATE PROPERTY OF WIFE.
   The interest of a wife in an estate by entireties is her separate property which she may hold free of her husband's debts.

4. BANKS AND BANKING—PROPERTY OF DEPOSIT.
   A bank deposit is prima facie the property of the person in whose name the deposit is made and an adverse claimant must show a clear and perfect title to it.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 26 Am Jur, Husband and Wife §§ 66 *et seq.*, 84, 85.
[1–3] Estates by entirety in personal property.  8 ALR 1017; 117 ALR 915.
   Married Women's Act as affecting qualities and incidents of estates by entireties.  141 ALR 179.
   Interest of spouse in estate by entirety as subject to satisfaction for individual debt.  166 ALR 969.
[4, 5] 7 Am Jur, Banks § 413.
[6, 7] 19 Am Jur, Estoppel § 85.

5. Same—Garnishment—Wife as Claimant Against Husband's Account.

Evidence adduced in behalf of intervening wife of defendant in whose sole name garnisheed bank account had stood *held,* to have made a sufficient showing that such account was the property of the defendant and herself.

6. Estoppel—Prejudice.

There can be no estoppel unless a party is misled to his prejudice by the one against whom it is set up.

7. Husband and Wife—Bank Deposits—Estoppel—Estates by Entireties—Extension of Credit.

Plaintiff who garnisheed defendant husband's bank account after proceeds of sale of entireties property had been deposited therein was not estopped by action of intervening claimant wife in indorsing check for making such deposit, where plaintiff had not extended credit to either defendant or claimant after such deposit.

Appeal from Muskegon; Lyons (Willis L.), J., presiding. Submitted January 12, 1954. (Docket No. 43, Calendar No. 45,998.) Decided February 18, 1954.

Assumpsit by Muskegon Lumber & Fuel Company, a corporation, against John S. Johnson with garnishment against Hackley Union National Bank. Vivian G. Johnson, wife, intervenes claiming garnisheed funds joint. Directed verdict and judgment for defendant and intervenor. Plaintiff appeals. Affirmed.

*Harold H. Smedley,* for plaintiff.

*Alexis J. Rogoski* and *Robert Bunker Rogoski,* for defendant and intervenor.

Sharpe, J. This case involves an appeal from a directed verdict in favor of defendant, John S. Johnson, and intervenor, Vivian G. Johnson. The essential facts are not in dispute. Plaintiff, Muskegon Lumber & Fuel Company, instituted an action against John S. Johnson, in his individual capacity,

for indebtedness for lumber and materials supplied him in connection with his contracting business. Prior to May 31, 1952, John S. Johnson and Vivian G. Johnson, his wife, had resided at 1945 Smith street, Muskegon, Michigan, they having jointly owned a vendee's interest in a land contract dated May 25, 1951. The contract provided:

"This contract, made the 25th day of May, A.D., 1951, between Tony Halma and Rica Halma, husband and wife, of Muskegon, Michigan, herein called the seller, and John S. Johnson and Vivian Johnson, husband and wife, as tenants by the entireties of Muskegon, Michigan, herein called the purchaser."

On May 31, 1952, the Johnsons sold the above premises to Robert Picard and wife on land contract, and, on the same day, purchased a farm from Lester Harmon and wife on a land contract. The contract with the Harmons for the purchase of the farm contained the following:

"It is further mutually agreed that upon receipt of payment to the second parties, above, of the balance owing on a certain land contract between the second parties and Robert A. Picard and Jennie Picard, second parties will pay to the first parties the sum of $2,000 forthwith, to be applied on the balance due hereunder."

The Picards contemplated paying the balance of the contract and on January 15, 1953, secured a loan from the National Lumberman's Bank of Muskegon and paid the Johnsons the balance due on the contract, which amounted to approximately $2,800. Out of this money the National Lumberman's Bank paid plaintiff the sum of $661.62 to apply on the debt John S. Johnson owed the plaintiff, and the balance of $2,110.57 was paid to the Johnsons in the form of a check payable to John S. Johnson and Vivian G. Johnson. At this time John S. Johnson had a check-

ing account in the bank showing a balance of $1.87.
Vivian G. Johnson did not have a checking account
in any bank. After indorsements, Vivian G. John-
son took the check to the Hackley Union National
Bank and deposited it in the bank account of John S.
Johnson. Checks were issued against this fund for
the balance of the down payment on the farm and for
other items connected with the farm, but before these
checks cleared the bank plaintiff garnisheed the ac-
count on January 16, 1953.

On March 9, 1953, Vivian G. Johnson filed a peti-
tion in the circuit court of Muskegon county for
leave to intervene in the garnishment proceedings.
The cause came on for trial and at its conclusion the
trial court directed a verdict in favor of Vivian G.
Johnson, intervenor, and John S. Johnson, defend-
ant.

Plaintiff appeals and urges that the deposit in the
bank was not from the sale of real estate owned by
the entireties. In *Battjes Fuel & Building Material
Company* v. *Milanowski,* 236 Mich 622, we had occa-
sion to construe PA 1925, No 126 (CL 1948, § 557.81
[Stat Ann § 26.191]). We there held that the above
act negatives any right of the husband to a deter-
minable moiety in entirety property, and, in the
absence of fraud, his interest cannot be reached by
creditors of the husband alone. Under the facts in
this case the money deposited in the bank was de-
rived from defendant and intervenor's interest in a
land contract held by them as tenants by the entire-
ties. Plaintiff also urges that when defendant and
intervenor indorsed the check and she, the interven-
or, deposited it in the account of defendant, the iden-
tity of the check changed from a joint check to an
individual credit and thereby became the sole and
separate property of the defendant, John S. Johnson.

Plaintiff relies on *McIntyre* v. *Farmers & Mer-
chants' Bank,* 115 Mich 255. In that case it was held

that one who, with his wife's knowledge and consent, mingles his own funds with hers in a bank, with the understanding that the entire fund shall be treated as his, renders the entire fund subject to garnishment for his debt.

Vivian G. Johnson testified:

"*Q.* Before the deal was closed, did you and your husband have any discussion as to what was to be done with the money you were to get?

"*A.* Yes, sir. * * *

"*Q.* Did you consent to his making any other payments out of this joint fund, other than the joint payments on the farm? * * *

"*A.* I said whatever we had to pay that would be for the farm, was what I was willing to do.

"*Q.* Then, after you got the check, what happened to it?

"*A.* I took the check and deposited it. Then my husband drew some checks. We made out what we would do with the money, and he made checks that way right after we got the money deposited. After the checks were drawn, we gave them to different creditors—I was present when we gave the checks to some of them, and I wasn't present for a couple of them. I was present when most of those checks were given out. I delivered 2 of them, I believe. I delivered the check to the Harmons for the payment of the Ravenna property. One of the checks was for a drainage system on the property. My husband wrote the check but I was there. I consented to his writing those checks. I do not have a bank account of my own. My husband and I do not have any joint bank account; the only one is the one in which he had his work.

"*Q.* Did you ever say he could use any part of this money other than for making those payments that were evidenced by those checks?

"*A.* No, sir."

Under the above testimony there was no consent that any part of the money could be used to pay any

part of defendant's debts. It follows that *McIntyre* v. *Farmers & Merchants' Bank, supra,* has no application to the facts in the case at bar.

In *Carlisle* v. *Parker,* 38 Del 83 (188 A 67), the land was held by the husband and wife as tenants by the entireties. A joint mortgage was given by them and subsequently foreclosed, the mortgage paid and the balance of the proceeds deposited with the court. The First National Bank & Trust Company held a judgment against the husband and filed a petition with the court to reach the funds deposited with the court to satisfy the judgment against the husband. It was there held (pp 88, 91, 92):

"We know of no rule of law which would destroy an estate by entireties in a surplus arising from a foreclosure of a mortgage on an entirety estate. Both parties are now living and every unity of person, of time and estate which ever existed exists now.

"That the estate by entireties continues in the surplus fund arising from the sale has been determined by several cases. *Germania Savings Bank* v. *Jung,* 18 NYS 709; *Stretz* v. *Zolkoski,* 118 Misc 806 (195 NYS 46); *Servis* v. *Dorn,* 76 NJ Eq 241 (76 A 246). * * *

"The interest of a wife in an estate by entireties is her separate property which she may hold free of her husband's debts. One of the incidents of the estate is the power to sell it with her husband's consent. It is for this reason, the denial of her right of alienation, which makes invalid during their joint lives any deed or mortgage executed by the husband alone, and it is for this reason that a judgment against the husband is ineffective. * * *

"If, as we have held, the surplus of the proceeds of the foreclosure sale are to be considered in this case as the land itself, we see no reason why said fund is not to be governed or disposed of by the husband and wife, acting jointly, to the same degree or extent as they could have disposed of the real estate itself, just prior to the sale."

It is also urged that the intervenor did not overcome the prima facie case that the bank account was defendant's. It is the rule that a bank deposit is prima facie the property of the person in whose name the deposit is made and that an adverse claimant must show a clear and perfect title to it. See *Burch* v. *Barendsen,* 192 Mich 369. In the case at bar plaintiff did not offer any evidence relative to the bank deposit. The only evidence relating to the bank deposit and how it was to be expended was that given by Mr. and Mrs. Johnson. In effect they both testified that the account was to be considered as the property of the husband and wife as tenants by the entireties and to the extent that $2,110.57 was to be paid on the farm land contract and other matters incidental to the farm. It follows that under the record in this case intervenor made a sufficient showing that the bank account was the property of defendant and intervenor.

Plaintiff also urges that intervenor is estopped to claim that she has an interest in the bank account for the reason that when she deposited the check in the name of her husband, she, in effect, said that her husband was the owner of the account. In *Shean* v. *United States Fidelity & Guaranty Company,* 263 Mich 535, we said (p 541):

"There can be no estoppel unless a party is misled to his prejudice by the one against whom it is set up."

See, also, *Dobranski* v. *Lincoln Mutual Casualty Company,* 275 Mich 1.

In the case at bar plaintiff is not entitled to estoppel against the intervenor, as intervenor did nothing or said nothing to mislead plaintiff in any way. Plaintiff did not extend any credit to either Mr. or Mrs. Johnson after the check was deposited.

In our opinion the proceeds from the sale of vendee's interest in a land contract, held as tenants by

the entireties, is not subject to the debts of the husband. The judgment is affirmed, with costs to intervenor.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.