# Stanley *v.* The State.

*Indictment against Circuit Clerk for Embezzlement.*

1. *Clerk's indorsements on indictment.*—When an indictment has been returned into court by the grand jury, properly indorsed by the foreman (Code, § 4386), a further indorsement by the clerk, showing the fact and date of filing, is not essential to its validity, but may be made at any time while the case is *in fieri,* or may be dispensed with in a proper case; as where the indictment is against the clerk of the court, and is not delivered into his hands.

2. *Embezzlement of solicitor's fees, by clerk; trial docket, minutes, and executions, as evidence.*—On a prosecution against a circuit clerk, for the embezzlement of solicitor's fees collected and not paid into the Auditor's office, it being shown that the final record of the cases has not been made up, and that the original indictments have been lost or mislaid, the trial docket and minutes of the court, showing the conviction in each case and the confession of judgment for the fine and costs, are admissible evidence; also, the executions issued, with the sheriff's return showing the collection of the fees by the sheriff, and the defendant's receipt to him for the money.

3. *Same; certified transcript from Auditor's office.*—A t anscript from the records of the Auditor's office, showing the state of the defendant's account on his books for fees collected and paid over, founded on the defendant's quarterly reports to that office, being properly certified (Code, § 2785), is admissible as evidence.

4. *Same; evidence of other offenses.*—When the indictment charges embezzlement of fees generally, and the prosecution has elected to proceed for particular specified cases, a conviction can only be had on proof relating to those particular cases; but evidence may be received as to other cases similarly situated, as relevant to the question of intent and guilty knowledge; and the jury being instructed that they can not consider such evidence for any other purpose, the defendant can not complain of its admission.

From the Circuit Court of Covington.

Tried before the Hon. John P. Hubbard.

The indictment in this case charged that John E. Stanley, "being clerk of the Circuit Court of said county, knowingly converted to his own use, or permitted another to use, money to about the amount of fifty dollars, which was paid into his office, or received by him in his official capacity, and which said money belonged to the State of Alabama." Issue being joined on the plea of not guilty, the jury returned a verdict in these words: "We, the jury, find the defendant guilty of converting to his own use more than twenty-five dollars;" and the court thereupon sentenced him to the penitentiary for the term of three years. When the case was called for trial,

Vol. lxxxviii.

before pleading to the indictment, the defendant moved to strike it from the files, because it was not indorsed by the clerk, as required by law, showing the fact and date of filing, with his signature attached. On the hearing of this motion, it was shown to the court, as the bill of exceptions states, that the indictment was returned into open court by the foreman of the grand jury, in the presence of twelve or more of the grand jurors; that the indictment being against the clerk, the court appointed E. Dixon as special clerk, in the presence of the grand jury, and delivered the indictment to him; that it was retained by said Dixon until the present incumbent, W. J. Moseley, was qualified and entered on the discharge of the duties of the clerk's office, when it was delivered to him by said Dixon; and it was produced by him on the trial. On this evidence, the court overruled the motion to strike the indictment from the files, and the defendant excepted. Other exceptions were reserved during the trial, relating to the admissibility of evidence, which will be understood from the opinion of this court without an additional statement of the facts.

J. D. GARDNER, JOHN GAMBLE, and W. D. ROBERTS, for the appellant.

WM. L. MARTIN, Attorney-General, for the State

CLOPTON, J.—Defendant moved to strike the indictment from the files, on the ground that it was not indorsed, dated, and signed by the clerk, as required by the statute. The motion is based on section 4386 of the Code, which requires: "All indictments must be presented to the court by the foreman of the grand jury, in the presence of at least eleven other jurors; must be indorsed '*filed*,' and the indorsement dated and signed by the clerk." No citizen should be tried for a criminal offense, until he has been regularly and legally charged; and it becomes the duty of the court to strike an indictment from the files, on objection being made in due time, when it appears to have been introduced into them without warrant of law. But the only evidence which the statute requires that an indictment has been regularly and legally returned into court, is that it shall be indorsed "*A true bill*," which shall be signed by the foreman of the grand jury.—Code, § 4353; *Wesley v. State*, 52 Ala. 182.

In determining whether section 4386 is mandatory or di-

rectory, the provision should be taken notice of which requires, after providing for the filing and indorsement by the clerk, "But no entry of an indictment found must be made on the minutes, nor must any indictment be inspected by any other person than the solicitor, the presiding judge, and the clerk of the court, until the defendant has been arrested, or has given bail for his appearance." The purpose of the section is to prevent an inspection of the indictment by any person other than the officers named, and to constitute the indorsement by the clerk evidence that it had been properly returned into court. The statute imposes upon the clerk a public duty—a ministerial duty—and prescribes the mode of performance, intended to secure the orderly and proper conduct of the business of the court. It requires the duty to be performed at a certain time, and in a certain manner, and contains no negativing words. Time is not of the essence of the duty to be performed. On this principle it has been decided, that the indorsement required to be made by the clerk, may be made at any time while the cause is *in fieri*. *Hubbard v. State*, 72 Ala. 164; *Wesley v. State, supra*. To make the performance of such a duty essential to the validity of an indictment, which has been returned into court indorsed and signed by the foreman of the grand jury, as required by the statute, would oftentimes work great inconvenience and prejudice, and defeat the ends of the administration of the criminal law. We hold the statute to be merely directory.—*Walker v. Chapman*, 22 Ala. 116.

Defendant was indicted for knowingly converting to his own use, or permitting another to use, moneys which were paid into his office, or received by him in his official capacity, as clerk of the Circuit Court. The solicitor elected to charge the defendant with having embezzled the solicitor's fees in five specified cases, in which the defendants were convicted at the Fall term, 1887, of the court. No final record having been made up since 1882, and the original indictments in the cases of the persons convicted having been mislaid or lost, the solicitor introduced in evidence the trial docket, and the minutes of the court, to show the conviction of the defendants in the cases selected, and confessions of judgment for the fines and costs; also, the issue of executions, the collection of the solicitor's fees by the sheriff, and the receipts of defendant for the same. There can be no just objection to this evidence, or any part thereof. It was relevant and admissible, to show that defendant had received the fees in his official capacity.

[Stanley v. The State.]

The statute requires that all fees taxed against defendants on convictions, as solicitor's fees, shall, when collected by any officer authorized by law to collect such fees, be forthwith paid to the State Treasurer, and that the clerks of the Circuit Court shall make quarterly reports to the Auditor, of the solicitor's fees collected in their respective counties. Acts 1886-7, 161.   By sub-division six of section 96 of the Code, "The Auditor is required to audit and adjust the accounts of all public officers, keeping a regular account with every person in each county in the State who is by law authorized to collect and receive any part of the State revenue, in suitable books, in which he must charge such persons with any sums of money due from them severally, and credit each with all moneys paid by him to the Treasurer, having first certified to that officer the amount or balance due."   And section 2785 requires, that "all transcripts of books or papers required by law to be kept in the office of the Secretary of State, or the office of the Auditor, when certified by the proper custodian thereof, must be received in evidence in all courts."   Under these statutes, the transcripts of the reports made to the Auditor by defendant as clerk, of the amount of solicitor's fees in cases of conviction with which he was charged, having been properly certified, were receivable in evidence; they are papers which he is required to keep under the sanction of his official oath, and in performance of his official duty; · they are *prima facie* evidence of the facts stated in them.—*Dudley v. Chilton County*, 66 Ala. 593.

Defendant further objects,. that the State was allowed to prove offenses other than those charged, though of a similar character.   It is true, that, in all criminal trials, the evidence should be relevant, and confined to the proof or disproof of the point in issue; and generally it is not allowable to prove the commission of other offenses by the accused, for the purpose of convicting him of the offense charged.   But there are well recognized exceptions to this rule, and such evidence is receivable when necessary to prove *scienter*, to establish identity, or to complete a chain of circumstantial evidence of guilt in respect to the act charged.—*Ingram v. State*, 39 Ala. 247; *Mason v. State*, 42 Ala. 532.   The evidence introduced by the State related to solicitor's fees on convictions of persons other than those with which the solicitor elected to charge the defendant, and consisted of proof of the convictions of such persons, the collection of solicitor's fees by the sheriff, and the receipts of defendant for same; also,

[Toole v, The State.]

of the transcripts from the Auditor's office of the reports of defendant, of the amount of solicitor's fees paid in the cases of conviction, and that no part thereof had been paid by the defendant. The solicitor's fees thus reported accrued at the Fall term, 1887, and the Spring and Fall terms, 1888, of the Circuit Court. These facts show, that the proof offered of other acts of embezzlement were intimately and directly connected with the particular accusation against defendant, and the evidence adduced to establish it. They form, to some extent, parts of one transaction, and are material to show the knowledge and intent with which the particular acts charged were committed, and tend to rebut any inference of accident or mistake.—*People v. Gray*, 66 Cal. 271.

The court instructed the jury, that the only purpose for which they could consider the evidence relating to the other acts of embezzlement, was to determine defendant's guilty knowledge in converting the moneys with which he was charged, and that they could not convict unless satisfied that he did convert to his own use, knowingly, the moneys with which he is charged in the indictment. The court confined the evidence within proper limits, and restricted it to proper purposes, though it might also well have instructed the jury, that they could consider the evidence in determining the intent with which defendant used the moneys; but of this omission the defendant can not complain.

We discover no error in the record.

Affirmed.