# Lang v. The State.

*Indictment for Embezzlement.*

|  97 |  41 |
| 134 | 453 |

1.   *Forms in the Code sufficient.*—An indictment for embezzlement, which follows substantially the form in the Code (p. 270, No. 39), is sufficient.

2.   *Embezzlement by bailee.*—A count in an indictment for embezzlement, which, after following the words of the Code form, adds this averment, "which said money had come into the possession of the defendant by virtue of a bailment for the mutual benefit of the bailor and the defendant, the bailee," does not follow the statute and is insufficient on demurrer.

3.   *Evidence of acts, other than those charged, admissible.*—On a trial

[Lang v. The State.]

in which an agent is charged with embezzling funds of his principal, coming into his hands by virtue of his agency, his conversion and failure to account for other sums similarly received, are competent testimony to show whether the act charged was done intentionally.

4. *Book entries by defendant admissible.*—Entries in the books of his principal, made by the defendant while acting as agent, showing discrepancies between the amounts actually received and those accounted for, and entries in such books, as to which defendant made admissions, are competent evidence against him on a charge of embezzlement.

5. *Burden of proof of non-accounting.*—It being shown that the defendant on trial for embezzlement was the sole manager of a partnership business, the owners of which gave no personal attention to its affairs, and money received in such business is traced to his possession, and there is proof of a shortage in his accounts with his principal, embracing a larger sum than that which is specifically charged to have been embezzled, the burden of showing that the latter sum has not been paid by the defendant to his principal is not on the State, and charges asserting the contrary are properly refused.

APPEAL from Montgomery City Court.

Tried before Hon. THOMAS M. ARRINGTON.

The appellant was indicted, tried, and convicted, for embezzlement and sentenced to the penitentiary for two years. The indictment contains two counts, and was in the following language :   (1.) "The grand jury of said county charge that, before the finding of this indictment, Thomas H. Lang, being the agent of the Montgomery Furniture Company, a partnership composed of George Hollander and Ed Hollander, did embezzle or fraudulently convert to his own use, money to about the amount of two thousand dollars, the personal property of the said Montgomery Furniture Company, a partnership as aforesaid, which said money had come into the possession of the said Lang by virtue of his employment as such agent."   (2.) "The grand jury of said county further charge that before the finding of this indictment, Thomas H. Lang, being the bailee of the Montgomery Furniture Company, a partnership composed of George Hollander and Ed Hollander, did embezzle or fraudulently convert to his own use, money to about the amount of two thousand dollars, the personal property of the said Montgomery Furniture Company, a partnership as aforesaid, which said money had come into the possession of the said Lang by virtue of a bailment for the mutual benefit of the bailor, the said Montgomery Furniture Company, a partnership as aforesaid, and of the bailee, the said Lang, against the peace and dignity of the State of Alabama."

The defendant demurred to the second count on the grounds: 1. That it fails to charge that any money came into

the possession of the defendant by virtue of any bailment for the benefit of said bailor; 2. That it fails to charge that any money came into the possession of the defendant by virtue of any bailment for the benefit of the bailee : 5. Because it fails to set out any purpose for which the said money was intrusted to the defendant.

Defendant moved in arrest of judgment, and assigned as reasons: That neither count of the indictment affirmatively averred that the defendant was the agent or bailee of the Montgomery Furniture Company. That the second count is contradictory in averring that the money embezzled was the property of the Montgomery Furniture Company and that it belonged to the defendant with the said company. That it charges defendant with the embezzlement of money placed in his hands for his own benefit. The rulings of the court on the demurrers and motion in arrest of judgment, are assigned as error.

. The testimony for the State tended to show that the defendant was the agent of, and entrusted with the entire management of the affairs of the Montgomery Furniture Company, a partnership, whose members had practically nothing to do with the conduct of its business. Certain entries in the blotter and cash book of the company were introduced in evidence to show discrepancies in the accounts and there was evidence tending to show a shortage in the accounts of the defendant.

There was evidence tending to show that certain discrepancies in the books amounting to seven hundred and thirty-eight dollars and fifteen cents were pointed out to defendant, and he took down a list of the items making up that sum. On being asked by the persons present making the examination, how much his shortage was, he named the said sum of seven hundred, thirty-eight dollars and fifteen cents. The list of these items marked "Exhibit A," to the bill of exceptions was introduced by consent "subject to legal objections," in order to save trouble in having witnesses go over all the books to point out the items, and afterwards it was permitted to go in evidence before the jury on the "question of *scienter*."

The defendant objected to said paper going before the jury except as to one item of thirty-six dollars, as to which item the State elected to prosecute, and objected to each other item on said paper separately, and excepted to the action of the court in permitting said paper to go to the jury. One Campbell testified that she was indebted to the Montgomery Furniture Company for goods to the amount

[Lang v. The State.]

of twenty-six dollars, and defendant receipted the account, but she paid no money, the receipt being given in payment of the board bill of another person. One O'Hara testified that he paid said company for a bill of goods, two hundred and fifteen dollars by check. The check was introduced and showed indorsement by defendant, but the books did not show said amount was accounted for by defendant.

There was testimony as to a conditional sale of the furniture of a barber shop by defendant at the price of twelve hundred dollars which had been paid, but the amount of the sale shown on the books was only six hundred dollars. The defendant objected separately to the testimony as to these transactions, and the court permitted it to go to the jury on the "question of *scienter*."

The defendant requested the court to give written charges as follows: (1) "The burden of proof is on the person making the charge of embezzlement to sustain it. It is not incumbent on the other party to show what has become of the money, even though it be traced to his hands." (2) "The best evidence of which the case in its nature is susceptible must always be produced, and the declaration of the owners of the money is the best evidence to show non-consent to the conversion of the money, and unless it is shown to the satisfaction of the jury beyond all reasonable doubt that the defendant received the money, to-wit: $36. on the 4th of April, 1891, and that he did not pay over or account to the partnerthip of George and Ed Hollander for the same, then he can not be convicted under this indictment." (3) "The failure of the State to offer any evidence or proof as to the amount or amounts of money paid by Lang to George and Ed Hollander, the partnership mentioned in the indictment, is a circumstance to be looked at by the jury in determining whether or not, the money the defendant was charged with embezzling, was paid over or accounted for to the partnership composed of George and Ed Hollander.

H. C. BULLOCK, JOHN G. FINLEY and THOMAS H. WATTS, for appellant, insisted that the demurrers should have been sustained, citing *State v. Watson*, 70 Ala. 13; *Dreyfus v. State*, 83 Ala. 54; *Tolbert v. State*, 87 Ala. 27; *Lacindo v. State*, 2 Tex. App. 59; *State v. Perry* 2 Bail. (S. C.) 17; *Allen v. Bell*, 76 Ala. 450; *Bibb v. State*, 83 Ala. 88; As to admission of books: *Rice v. Schloss & Kahn*, 90 Ala. 416; *Hirschfelder v. Levy*, 69 Ala. 351; and cited numerous other authorities.

W. L. MARTIN, Attorney-General for the State, cited *Jackson v. State*, 91 Ala. 55; *Drake v. State*, 60 Ala. 62; *Mays v. State*, 30 Ala. 32; 70 Ala: 13; 2 Kent, 559; Story on Bail, 2; 2 Am. & Eng. Ency. 40–45 on the demurrer, and on admission of evidence : *Reeves v. State*, 11 So. Rep. 158; *Stanley v. State*, 88 Ala. 154; *Snodgrass v. Br. Bank*, 25 Ala. 161; 6 Am. & Eng. Encyc. 468–501.

STONE, C. J.—The defendant was indicted for the crime of embezzlement; the sum charged to have been embezzled being about two thousand dollars. This form of averment of the subject of the crime, and of its value is sufficient under our statute. Code of 1886 § 3810. The indictment was returned into court July 21, 1892, and contains two counts. The sufficiency of the first count was not assailed in the City Court pending the trial. Its sufficiency was attempted to be raised on a motion in arrest of judgment, and it is contended before us that it is insufficient. We hold the City Court did not err in overruling this motion. That count is a substantial compliance with our statutes in regard to indictments. Code of 1886, Vol. 2, § 4366, and form 39, p. 270; *Drake v. State*, 60 Ala. 62.

The second count was demurred to, and the demurrer overruled. We are referred to a statute approved February 28, 1889—Sess. acts, 68—as probably bearing on the sufficiency of this count. We are at a loss to determine to our satisfaction precisely what that statute means. How any one can become a bailee of money or other property for his own benefit, or how embezzlement may be committed by having in his possession money or a chattel, received or held for his own benefit, we confess ourselves unable to conjecture. A bailee is a species of agent to whom something movable is committed in trust, not for the bailee, but for another. Possibly it is within the power of legislation to so enlarge the crime of embezzlement as to make it embrace a fraudulent secretion or conversion of money or other thing of value, partially owned by him conjointly with others. We need not decide this. The statute we are considering is not susceptible of that interpretation. Whether the statute can be given effect to or not, we must construe it in the language in which the legislature clothed it. The second count does not follow the statute, and the City Court erred in overruling the demurrer to it.

There was a great mass of testimony introduced for the State—objected and excepted to *seriatim*—intended to show what is known as the *scienter* in the law books. In other

[Lang v. The State.]

words, its intention was to show that the defendant had knowingly and willingly converted the moneys of the company he was serving, to his own use. Defendant had been in the employment of the partnership known as the Montgomery Furniture Company as its agent. He was the superintendent, or managing agent of the firm for about four years. In his relation of manager, the moneys of the partnership passed through his hands. It is not shown that the proprietors, the Hollanders, had any personal connection with the management, either in any act performed, or in their presence at the store. On this question the record is silent. Defendant was not the book-keeper, but he made some entries in the blotter, and some in the cash book.

The cases of *Stanley v. State*, 88 Ala. 154, and *Reeves v. State*, 11 So. Rep. 158 ; 96 Ala. 31, have settled the principle, that on a trial in which an agent is charged with embezzling funds of his principal which have come into his hands in virtue of his agency, his conversion and failure to account for other sums of money similarly received in the line of his agency are competent testimony on the inquiry whether the act was done knowingly and intentionally. Much of the testimony introduced, having this avowed object, was clearly admissible. Where entries in the blotter and the cash book are each shown to be in the hand writing of the defendant, and they show a discrepancy, such entries are competent evidence. So, if money be shown to have gone into the hands of the defendant, and it is shown that he either entered, or cause to be entered, a smaller sum as the cash receipts on that occasion, such facts may be put in evidence. But the books or parts of books, not shown to be in his hand-writing, with exceptions noted abve, are not legal evidence against him, unless there be testimony tending to show his attention was called to them, and that he made some admissions in regard to the portions offered in evidence. And if his attention was called to parts of books, and he is shown to have made admissions in relation to such parts, this lets in, not the whole book, but only the parts his alleged admissions refer to.

The paper, "Exhibit A" to bill of exceptions, purports to be a detailed statement of the many items going to make up the alleged shortage in defendant's account. It is shown that in an interview between Burks and defendant, at which the past and present book-keepers were probably present, that paper was produced, and an extended discussion had in relation to it, and in relation to the various items upon it. Witnesses disagree as to what defendant said. It was for

[Bonner v. The State.]

the jury to determine what, if any, admissions defendant made in that interview. Presented as the question is in the bill of exceptions, the City Court committed no error in any ruling in regard to that paper. Nor was there error in receiving proof of the transactions with Mrs. Campbell and with O'Hara. These were all legitimate subjects of proof on the question of the *scienter*.

The lease to Wright of the furniture and fixtures in the barber shop was made in the name of the furniture company. Unrebutted and unexplained, the rent money was the property of the company. An explanation of this transaction was offered by the defendant. It was for the jury to determine the *bona fides* of this transaction. It was competent testimony. Of course, it should not damage defendant, if satisfactorily explained.

We have said that the present record contains no evidence that the members of the Montgomery Furniture Company had any participation in the management of its affairs, or even that they were personally present in its management. Certainly, unless they were present, and knew of the conduct of the business, charges two and three were properly refused. if for no other reason. There is nothing in the record to justify those charges. So, charge one was properly refused.

Reversed and remanded.