# Wall *v*. The State.

*Embezzlement.*

(Decided May 16, 1911.   Rehearing denied June 14, 1911.
56 South. 57.)

1. *Embezzlement; Indictment; Sufficiency.*—An indictment for embezzlement which charges that W., as agent of S., embezzled or fraudulently converted to his own use money to the amount of $500.00 which came into his possession by virtue of his agency or employment, sufficiently stated the gist of the crime, and was good against demurrer, although the better practice is to specifically allege the ownership and agency at the time of the commission of the offense in separate averments apart from the inference of agency and ownership alleged.

2. *Same; Nature; Embezzlement by Agent.*—The word "embezzles" as used in section 6828, Code 1907, has a technical meaning suggesting the character and scope of the proof required, and involving two general elements: 1st, a breach of duty or trust in respect of money, property or other personal effect in the party's possession, belonging to another, and 2nd, a wrongful or fraudulent appropriation thereof to his own use.

3. *Same; Evidence; Record.*—In a prosecution for embezzlement, the owner of the property alleged to have been embezzled may be asked whether her husband left her any estate of any kind in a named county, as a preliminary question leading up to her ownership of the embezzled property; the question being merely collateral, the rule requiring proof by best evidence, was not application.

4. *Same; Agency.*—In a prosecution for embezzlement, the question of the defendant's agency was a collective fact peculiarly within the knowledge of the principal, and to which the principal could properly testify.

5. *Same; Best Evidence.*—The owner as a witness could properly testify as to any collections made by the defendant which were alleged to have been embezzled, of which she had knowledge, irrespective of how it could otherwise have been proven; but her understanding with reference to it was properly excluded.

6. *Same.*—As to whether S. was living separate and apart from her husband was irrelevant upon the issue of whether or not the accused was the agent of S.

7. *Same.*—The fact that the husband of the prosecutrix, alleged to be the principal, may have left a will devising substantially all his property was not a proper subject of inquiry on the issue as to whether or not the defendant was an agent of the prosecuting witness, the widow.

[Wall v. The State.]

8. *Same; Letters; Best Evidence.*—Where the matter was merely collateral, it was not erroneous to permit testimony giving the names of parties who wrote certain letters and some statement of the contents of the same.

9. *Same; Issue and Proof.*—It is sufficient to prove the embezzlement of part of the funds alleged, and was not necessary that the proof show that the full amount of money charged in the indictment was embezzled.

10. *Same; Element; Intent.*—An agent may be guilty of embezzlement though he has the secret, uncommunicated intent to convey the property before he receives it, or before it comes into his actual custody. The fact that he may be also guilty of larceny, has no effect.

11. *Same; Defense; Restoration.*—It is no defense to a prosecution for embezzlement that the embezzler repaid the fund before the finding of the indictment.

12. *Evidence; Conflicting Evidence; Weight and Sufficiency.*— The fact that a witness contradicts his statement goes to the weight and sufficiency of the evidence, and not to its admissibility, and hence, a motion to exclude on that ground is properly denied.

13. *Same; Other Offenses; Embezzlement.*—Where the prosecution was for embezzlement, testimony of other embezzlement of different property by defendant similarly received in the line of his agency was admissible as going to show that the act was knowingly and intentionally done.

14. *Same; Best Evidence; Proof of Contract.*—Where the defendant had allowed a witness to state without objection that he had an agreement with the prosecutrix to collect the money from the defendant, and witness was at the time representing prosecutrix as an attorney seeking to have a settlement with the defendant, it was relevant to prove by the witness the amount of money for which he sought settlement, and was not in violation of the best evidence rule.

15. *Same; Record.*—Where a witness has been asked by the defendant concerning the filing of the bill in a chancery court, it was competent for the state to ask the witness what such suit was about, and if it was a matter of record, such questions being preliminary to the identification of the suit and papers.

16. *Evidence; Judgment.*—It is not permissible ordinarily to introduce in evidence civil judgments or decrees against the defendant in a prosecution involving the same matters.

17. *Same; Whole Transaction.*—Where a part of a conversation or transaction is put in evidence by one party, the other party is entitled to call for the whole of such conversation or transaction.

18. *Same.*—Where defendant had examined a witness in reference to proceedings against him in the chancery court, involving the same matters, the state was entitled to bring out the whole of the transaction by introducing the record in the chancery suit.

19. *Same; Self Serving Declarations.*—The fact that a witness, the register in chancery, had received a letter from the defendant notifying him as such officer that said defendant had had a settlement with the prosecutrix, was inadmissible since tantamount to a self serving declaration.

[Wall v. The State.]

20. *Same; Expert; Handwriting.*—A witness shown to have been clerk of a circuit court for six years, and to have been a cashier in a bank and to have come in contact with the various handwritings of the persons involved was sufficiently qualified as an expert on handwriting.

21. *Trial; Argument of Counsel.*—The argument of the state's counsel predicated on the statement "if his testimony in this case is true" was not objectionable.

22. *Same; Objections; Necessity.*—Though there is no objection to the question, it is not error to exclude the answer if it proves to be irrelevant, especially where the question gives no information as to the answer expected.

23. *Witnesses; Cross Examination; Scope.*—On cross examination a question by defendant seeking to ascertain at what time defendant actually took charge of the business of prosecutrix under a certain power of attorney involved was proper.

24. *Same; Immaterial Matters.*—It is not improper to disallow a question on cross examination which seeks to elicit immaterial matters.

25. *Same; Interest.*—It is proper to examine a defendant's witness as to whether or not the defendant was or was not an important witness for the witness in a civil suit pending as tending to show interest or bias of the witness.

26. *Appeal and Error; Harmless Error; Evidence.*—Where letters were afterwards admitted in evidence, any error in admitting testimony of their contents was rendered harmless.

27. *Same; Party Entitled to Complain.*—Where papers in a civil suit against the defendant had been properly admitted in evidence, the fact that the court limited them to the question of fraud was not a matter of which the defendant could complain.

28. *Same; Rejection of Evidence.*—Where the court excluded testimony on defendant's motion he had no further ground of complaint unless he requested and was refused instructions not to consider such evidence.

29. *Same; Exceptions; Reservation of Grounds.*—Where no exceptoins are reserved to the court's ruling on the evidence, such ruling will not be considered on appeal.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

John Wall was convicted of embezzlement, and appeals. Affirmed.

Omitting the formal charging part, the indictment is as follows: "John Wall, alias John Walls, agent of Mandy Simpkins, embezzled or fraudulent converted to his own use money to about the amount of $500, which

came into his possession by virtue of his agency or employment, against the peace and dignity," etc. The demurrers raise the questions discussed in the opinion. The power of attorney alluded to was from M. J. Simpkins to John J. Wall, constituting him agent and attorney in fact to fully adjust and settle with the executor of the estate of J. J. Simpkins, and with the heirs and legatee of said estate, all matters pertaining to her personal property and homestead exemptions and distributive shares and dower rights in said estate, for which she agred to pay 50 per cent. of all recovered for her; the power of attorney authorizing him to employ an attorney and to pay all his actual necessary expenses. The letter referred to in the opinion does not appear in the bill of exceptions. Witness Coxwell was shown to have been clerk of the circuit court for six years, and to have been assistant cashier of the Monroe County Bank, and to have come in contact with various handwritings of the individuals all over that section of the country, and was asked to give his opinion as to the handwriting in the body of the receipt, and the handwriting as to the signature to the receipt, and was permitted to do so.

The defendant objected to the following portion of the court's oral charge: (1). "It is uncontroverted that the relationship of agency existed between the defendant and M. J. Simpkin." (2) "The chancery papers introduced in evidence are limited for a certain purpose." (3) "Conversion is any unusual, undue, or illegal deflection with intent to convert money from its legitimate and proper channel. Did he appropriate, did he secrete, this fund, for the purpose of appropriating it to his own use, depriving this old woman of her ownership of that amount?" (4) "The question has come in here as to whether he has paid this money to this old woman. Gentlemen, I charge you this: That if the

fraudulent intent was completed and existed in the mind of John Wall, and after the formation of the fraudulent intent, upon being harassed, he went and paid the money to this old woman, I charge you that the subsequent payment of the money to her and taking her receipt— and that is for you to say—does not wipe out the offense of embezzlement. If you are satisfied he converted it, I charge you that the subsequent payment does not release him from the charge of embezzlement."

The following charges were refused to the defendant: (12) "The court charges the jury that, if they believe that the defendant formed the intent to convert this money to his own use, or to the use of another person, prior to the receipt of the money, then you cannot convict the defendant under this indictment." (20) "The court charges the jury that, if you are reasonably satisfied from the evidence that the defendant formed the intent to convert the property which came into his hands by virtue of his agency or employment at the time the power of attorney was executed, and prior to the time the money or property was paid to him by the executor of the estate of J. J. Simpkins, then you cannot convict the defendant." (25) "The court charges the jury that, if they believe from the evidence that the defendant had the intent to convert the money received from the executor of the estate of J. J. Simpkins at the time he received it, they cannot convict under this indictment." (27) "The court charges the jury that, if the defendant obtained the power of attorney from Mandy Simpkins with the fraudulent intent to convert to his own use the money which he would be paid under said power of attorney, they cannot convict the defendant of embezzlement as charged in this indictment." (28) "The court charges the jury that if they believe from the evidence that the defendant, when he received the money

11 CA

alleged to have been converted to his own use, had the fraudulent intent then in his mind to so convert said money to his own use, you cannot convict the defendant under the indictment in this case." (13) "The court charges the jury that, if they believe that the defendant paid Mrs. Simpkins $500 prior to the finding of this indictment, then you should acquit the defendant." (18) "The court charges the jury that the evidence is without conflict that the receipt for $500 offered in evidence was in the possession of defendant's attorney prior to the finding of this indictment." (21) The general affirmative charge. (23) "The court charges the jury that the undisputed testimony in this case shows that the defendant was paid less than $100 in money by the executor of J. J. Simpkins." (24) "The court charges the jury that under the power of attorney and agreement in evidence the defendant was entitled to one-half of the amount collected by defendant from the estate of J. J. Simpkins." (26) "The court charges the jury that the question as to whether or not one-half of the amount to be collected by the defendant was fair and reasonable as a charge for the services rendered is not before you, and should not be considered by you in arriving at a verdict in this case." (29) "The court charges the jury that under the power of attorney introduced in evidence the defendant had a right to collect the checks and money testified about, and if no time is specified in said instrument when same should be paid to Mrs. Simpkins, that defendant would have a reasonable time in which to pay it to her after he collected it from the executor of J. J. Simpkins, deceased."

BARNETT & BUGG, and H. H. McCLELLAND, for appellant. The indictment was defective and the demurrers thereto should have been sustained. *Washington v. The*

*State,* 72 Ala. 276; *Lang v. The State,* 97 Ala. 41; 15 Cyc. 511-519-520. Counsel discuss the assignments of error relative to the exclusion of evidence, but without citation of authority. They insist, however, that the evidence as to checks given to the defendant should have been excluded because at variance with the allegation of the indictment. *Carr v. The State,* 104 Ala. 43; 22 Cyc. 461. The court erred in admitting the Chancellor's decree in evidence. *Britton v. The State,* 77 Ala. 202; 1 Greenl. Evi. sec. 537; 91 Ala. 58. The witness was not shown to be a handwriting expert and his testimony should have been excluded. *Curtis v. The State,* 118 Ala. 125. The court abused its discretion in permitting the witness Mims to testify as he had been present in the court room all day. 1 Words & Phrases, 39. The court erred in permitting the argument of the solicitor that was objected to. *Cross v. The State,* 68 Ala. 476. Charge 1 should have been given.—*Eggleston v. The State,* 129 Ala. 83; *Reeves v. The State,* 95 Ala. 53. Charge 18 should have been given.—*Gray v. The State,* 49 Ala. 676. Charge 21 should have been given.—*Carr v. The State, supra; Walker v. The State,* 117 Ala. 42. Charge 23 should have been given.—*Gray v. The State, supra.* Counsel discuss other charges refused, but without further citation of authority.

R. C. BRICKELL, Attorney General, and WILLIAM L. MARTIN, Assistant Attorney General, for the State. The court properly overruled demurrer to the indictment. *Willis v. The State,* 134 Ala. 439; *Washington v. The State,* 72 Ala. 276; Sec. 6828, Code 1907. There was no error in the rulings on the evidence. *Griffin v. The State,* 129 Ala. 93; *Allen v. The State,* 79 Ala. 34. The letters were collateral, and the best evidence was not required. Authorities supra. There was no error in

admitting the chancery file. *Hammond v. The State,* 1471 Ala. 79; *Simmons v. The State,* 145 Ala. 61; *Tolliver v. The State,* 94 Ala. 111. The defendant's letter was self-serving. *Pate v. The State,* 94 Ala. 17. Coxwell was shown to be a handwriting expert. *Talley v. Cross,* 124 Ala. 567; *Glover v. Gentry,* 104 Ala. 222. No abuse of discretion is shown as to the witness Mims.—*Webb v. The State,* 100 Ala. 52; *Burkes v. The State,* 123 Ala. 87. There is no error in the argument of the solicitor. *Childress v. The State,* 86 Ala. 77. Charges 12, 20, 25, 27 and 28 were properly refused. *Brister v. The State,* 26 Ala. 107. Charges 18, 23, 24, 26 and 29 were properly refused.—*Fountain v. The State,* 98 Ala. 40. Charge 21 was properly refused. *Turner v. The State,* 97 Ala. 51. The defendant could not wipe out the offense by repaying the money embezzled, and hence, charge 13 was properly refused.

PELHAM, J. The indictment in this case charges embezzlement, and is founded upon section 6828 of the Code of 1907, and conforms substantially to the section under which it is drawn and the form, in so far as applicable, prescribed for embezzlement (form 49, Code 1907, § 7161). The demurrers to the indictment are assigned upon the grounds that there is a failure to allege ownership of the property embezzled, or converted, and a failure to charge specifically that the defendant was acting as agent for his principal, named in the indictment at the time of the embezzlement. Since the statutes were enacted dispensing with many of the necessary averments in criminal pleading under the common-law rules, indictments are to a great extent reduced to a statement of legal conclusions, rather than facts, and from such legal conclusions naturally flow the necessary inferences.

The indictment alleges the defendant's agency of a named principal, and the embezzlement, or conversion, by him of the money which came into his possession by virtue of such agency or employment. This is sufficient, and states the gist of the crime, while charging all the constituent elements of the offense, though it is the safer and better practice to specifically allege the ownership of the property embezzled, and the agency at the time of the commission of the offense, as separate and distinct averments apart from the natural and necessary inference of such ownership and agency at the time, which is drawn from the allegations of principal and agent, and possession of the property embezzled by virtue of such agency or employment. When the indictment contains the allegation (as it does in this case) that the defendant's possession of the money alleged to have been embezzled was *by virtue of his agency,* certainly the necessary inference must, and does, follow that he embezzled while acting in the capacity of such agent, and a conviction could only be had upon such proof; i. e., that defendant, by virtue of his agency or employment, and while so lawfully in possession or custody of such money, embezzled, or unlawfully and fraudulently converted, it to his use.

"The word 'embezzles,' used in the statute, is one having a technical meaning, and that meaning suggests the character and scope of the proof required to sustain the charge. It involves two general ingredients, or elements: First, a breach of duty or trust in respect of money, property, or effects in the party's possession, belonging to another; second, the wrongful or frudulent appropriation thereof to his own use. There must be the actual and lawful possession or custody of the property of another by virtue of some trust, duty, agency, or employment on the part of the accused; and, while

so lawfully in the possession of such property, it must be unlawfully and fraudulently converted to the use of the person so in the possession and custody thereof."— *Reeves v. State,* 95 Ala. 31, 11 South. 158.

The separate averment of ownership of the money embezzled was unnecessary. The trial court properly overruled the demurrers to the indictment.—*Washington v. State,* 72 Ala. 276; *Lang v. State,* 97 Ala. 41, 12 South. 183; *Willis v. State,* 134 Ala. 429, 33 South. 226.

The question asked the witness Amanda Simpkins by state's counsel, "Did your husband leave any estate of any kind in Monroe county?" was simply preliminary, leading up to the prosecutrix's ownership of the embezzled property, and was not improper to be admitted. It was only a collateral incident to the matter in issue, and the rule requiring proof by the best evidence is not applicable.—*Griffin v. State,* 19 Ala. 93, 29 South. 783; *Allen v. State,* 79 Ala. 34-39.

The question of the defendant's agency was a collective fact, and, the defendant being prosecutrix's agent, it was a matter peculiarly within her knowledge and was properly admitted. The court excluded the witness' statement as to her "understanding" with reference to the collections of money by defendant. The collection of money, which, if retained, tended to prove defendant guilty of the offense, was material evidence, and the witness could properly testify to any collections of which she had knowledge, irrespective of how it might or could otherwise be proven, and her "understanding" with reference to it was properly excluded, leaving only competent evidence before the jury.

Whether or not the witness Amanda Simpkins was living "separate and apart" from her husband was entirely irrelevant to the issues, and the solicitor's objection to such a question seeking to elicit such testimony

[Wall v. The State.]

was correctly sustained. The prosecutrix's husband may, or may not, have left a will devising substantially all of his property; it was not the proper subject of inquiry in the case at bar.

The motion of the defendant, upon cross-examination of the witness Darby, to exclude part of his testimony given on direct examination as to the payment to defendant, as contradictory to his cross-examination, was properly overruled. It was for the jury to weigh and consider his statements, even if they were in conflict, and determine which they would believe. Besides, if the property embezzled, as testified to by the witness on direct examination, did not correspond in part with the allegations in the indictment, it was not error to allow testimony of other embezzlements of different property by defendant, if the property was similarly received in the line of his agency, as going to show the act was knowingly and intentionally done.—*Stanley v. State,* 88 Ala. 154, 7 South. 273; *Reeves v. State,* 95 Ala. 31-43, 11 South. 158; *Lang v. State,* 97 Ala. 41, 12 South. 183.

The testimony of the witness Gilmore, giving the names of the parties who wrote certain letters and some statements of their contents, was collateral, and not subject to the defendant's objection. The letters were afterwards admitted in evidence, and no injury resulted to defendant from the statement of the witness.

The testimony of the witness Beatrice Lee, objected to by the defendant, was excluded by the court. If the defendant deemed the testimony excluded prejudicial, he should have requested special instruction from the court to the jury not to consider it. The court exercised its full authority in excluding the testimony upon the motion of the defendant, and there is nothing further upon which to predicate the objection and exception.

It was entirely relevant, and not a violation of the rule against the best evidence, to prove by the witness Jones "how much" the amount of money was he (witness) came to settle with the defendant. Defendant had allowed the witness to state, without objection, that he had an agreement with Mrs. Simpkins to collect the money from the defendant, Wall, and Jones at the time was representing Mrs. Simpkins as an attorney seeking a settlement with the defendant of the very matter and moneys in question, all of which was known to the defendant at the time.

After the witness had been asked by defendant's counsel about filing a bill in the chancery court, it was permissible for the state to ask the witness what the chancery suit was for, and if it was a matter of record. The questions were only preliminary, for the purpose of identifying the suit and papers, as appears from the record, by the solicitor immediately following up the questions by an introduction of the papers.

The witness Jones was allowed to testify without objection by the defendant, as a witness for the state, on direct examination: "I came back and prepared the bill and filed it in chancery court." And on cross-examination the witness was asked by defendant's counsel: "You say you filed a bill in the chancery court for Mrs. Simpkins?" to which the witness answered: "I did." (It makes no difference that defendant's counsel attempted to withdraw the question after it was answered.)

The state then offered in evidence the original chancery proceedings in the case; the defendant objected, but the court overruled the objection and admitted them in evidence, and the defendant duly excepted. The original bill was limited, "to show fraudulent intent" when admitted by the court, and was also likewise lim-

ited by the court in the oral charge to the jury. In
cases involving proof of fraudulent conversion, great
latitude is allowed in the evidence, in order to estab-
lish the crime, the very nature of which makes it rarely
susceptible in all its necessary phases of direct or posi-
tive proof. It is not, however, permissible to introduce
in evidence civil judgments or decrees rendered against
the defendant, even though they involve the same mat-
ters on the trial of a criminal prosecution, for the ob-
vious reason that the judgment or decree in the civil
action may have been rendered on a state of facts to-
tally irrelevant in the criminal case, and on a different
rate of the measure of proof. It is quite probable, also,
that the defendant might be civilly, but not criminally,
liable, nor is there a mutuality of parties. The pro-
ceedings are totally different, and such judgments and
decrees are not admissible as a general proposition.
—*Britton v. State,* 77 Ala. 202.

It is a well-settled rule in the trial of criminal cases
that where the defendant has elicited part of a con-
versation, or transaction, on cross-examination, the
state is entitled to have the whole conversation or trans-
action go to the jury.—*Simmons v. State,* 145 Ala. 61, 40
South. 660. And, where part of a conversion is brought
out by the state, the defendant is entitled to have the
whole conversation, or all said in that connection put
before the jury.—*Drake v. State,* 110 Ala. 9, 20 South.
450.

In the case of *Williams v. State,* 103 Ala. 33, 15 South.
662, it was held that the state had the right to bring out
the facts and circumstances which caused a shooting
at the time the defendant was under arrest for a differ-
ent offense, after the defendant, on cross-examination of
a witness, had called out the fact of the shooting.

It is the established rule of evidence in this state that when part of a conversation, or part of a transaction, is put in evidence, the opposing party may call for the whole conversation or transaction.—*Gibson v. State,* 91 Ala. 64, 9 South. 171; 1 Brick. Dig. § 1217.

Applying this principle to the case before us, it would seem that the trial court did not commit an error in admitting the proceedings in the chancery case, since the defendant had made them admissible by examining the witness Jones in reference to them, and getting before the jury the fact of a bill having been filed in the chancery court for Mrs. Simpkins, in relation to the matters in controversy involved in the case on trial. The door to this transaction having been thrown open, the state was then entitled to have the entire proceedings put before the jury.

The question asked the witness McCorvey by defendant's counsel on cross-examination, to state directly or positively if the power of attorney was in the handwriting of a Mr. Hare, was immaterial to the issue, and an objection was properly sustained to it. The witness had stated the handwriting "looked like" Hare's.

The objection to the question, "According to your best judgment, didn't you receive a letter from Mr. Wall, this defendant here, notifying or advising you, as register in chancery, that he had had a settlement with Mrs. Simpkins?" asked the witness McCorvey, was properly sustained. The answer to the question could only have brought out self-serving, illegal evidence. The admission of such evidence would have been to allow the defendant, through secondary evidence, to make testimony for himself.

There was evidence tending to prove the defendant's guilt of the crime charged, introduced in behalf of the state, and the court properly overruled the defendant's

motion to exclude the evidence. It was not necessary to sustain a conviction that the state should prove that the full amount of money charged in the indictment was embezzled; proof of a part of the funds alleged is sufficient.—*Walker v. State*, 117 Ala. 42, 23 South. 149.

The question, "What did she want you to do?" propounded to defendant by his counsel, gave no intimation what the answer would be, and the court correctly excluded the answer on motion of the solicitor, without the question being objected to, when the answer proved to be irrelevant to the issue before the court.

The power of attorney offered in evidence by the defendant was irrelevant and not legal evidence for any purpose under the issues of the case, and there was no error in excluding it.

The letter written by the defendant and offered by him in evidence was self-serving and properly excluded on motion of the solicitor. There was no error in the exclusion of defendant's statement, marked "Exhibit AA," in regard to expenses incurred by him, as it was entirely irrelevant.

The question, on cross-examination by the solicitor of the defendant, seeking to ascertain when defendant actually took charge of the business of Mrs. Simpkins, under the power of attorney, was proper for the purpose of fixing a time that was material, and was correctly admitted, as were the other questions of the defendant on cross-examination. None of them exceeded the limitations of legitimate, legal cross-examination of the defendant by state's counsel.

The cross-examination of the defendant's witness Ingram about his interest in the land, and the defendant's being an important witness for him, was proper for the purpose of showing the interest or bias of the witness.

It is not clear from anything in the record what letter is referred to by the witness Bugg. Its contents are not shown, nor is there anything by which it may be identified or shown to be in any way relevant. The trial court cannot be put in error under such circumstances for excluding it.

The witness. Coxwell was sufficiently qualified as an expert, and the admission of his testimony upon hand-writing was without error.—*Glover v. Gentry & Moore,* 104 Ala. 222-231,.16 South. 38; *Tally et al. v. Cross,* 124 Ala. 567, 26 South. 912.

The court's action in permitting the witness Mims to testify after having been in the courtroom during the progress of the trial, when the witnesses were under the rule, was not an abuse of the judicial discretion, under the facts set out in the record. It is not shown by the record that an exception was reserved to this witness testifying as an expert, on the ground that he had not qualified as such, and defendant's insistence to that effect in his brief cannot be considered.

That part of the argument of the assistant solicitor to which the defendant objected and reserved an exception was qualified and predicated expressly upon the statement, "if his testimony in this case is true," and was not made as a statement of fact. The statement of the assistant solicitor in his argument to the jury, as set out in the record, being limited to and conditioned upon the jury's belief in the truth of the evidence, does not transgress the limits of legitimate discussion and falls within the rule which prescribes what shall constitute fair argument.—*Cross v. State,* 68 Ala. 476; *Childress v. State,* 86 Ala. 77, 5 South. 775.

A careful consideration of all the exceptions reserved by the defendant to the oral charge of the court fails to disclose a reversible error. The evidence was not in

conflict as to defendant's agency. The defendant admitted it, and testified with respect to it at some length. The chancery papers being properly in evidence, any limitation made by the court to the jury to consider them only as to the question of fraud was not injurious to, and could not be complained of by, defendant. The question of conversion under the evidence was properly submitted to the jury. Certainly there was evidence in the case, as shown by the record, from which the jury could find that there was a conversion by the defendant of the moneys of Mrs. Simpkins. There was no error in that part of the court's oral charge, under the evidence in this case, that the subsequent payment of the money did "not wipe out the offense of embezzlement," if the jury believed the crime had been committed and was complete prior to the payment.

Defendant's counsel in their brief replying to the brief of the Attorney General only insist upon the correctness of charges numbered 12, 20, 25, 27, and 28 requested separately in writing by defendant, and refused by the court. These charges seem to have been asked upon the theory that an agent cannot be guilty of embezzlement of his principal's property if he has the secret, uncommunicated intent to convert it before he receives it, or before it comes into his custody or keeping. Such is not the law. While it is true that, if one receives money with the fraudulent intent at the time of converting it to his own use, he may be, and probably is, guilty of a larceny, it is also the law that, if before or at the time of receiving the money the intent had been secretly formed to convert it by the party receiving it, he may nevertheless be guilty of embezzlement, if he afterwards unlawfully converts it to his own use. Having received the money as a duly authorized agent, the act of receiving is a lawful one, and his uncommunicated intentions, formed be-

fore or at the time, to convert it would not entitle defendant in this case to an acquittal of the charge of embezzlement, if he lawfully received the money as an agent, and then unlawfully converted it. If the defendant, while in the lawful possession of the money as agent, the care and custody of it being intrusted to him, fraudulently converts such money to his own use, he would be guilty of embezzlement within the meaning of the statute, notwithstanding the fact that he may have had a secret uncommunicated intention of converting the money before he received it. From this statement of the law, it will be seen that there was no error in refusing charges 12, 20, 25, 27, and 28. Also the charges were abstract. There was no evidence of such prior intent upon which they could be predicated.

Charge 13 was properly refused. The defendant could not make himself guiltless by repaying the money.

Charges 18, 23, 24, 26, and 29 were erroneous in singling out parts of the evidence and giving undue prominence to such parts, and had a tendency to mislead the jury.

The evidence being in conflict and the main ingredients constituting the offense having been proved by evidence tending to show the defendant's guilt, there was no error in refusing the general charge (No. 21) for the defendant.

We have carefully considered all the exceptions contained in the record, and find no reversible error.

Affirmed.