167 So. 336

## ENZOR v. STATE.

### 4 Div. 136.

Court of Appeals of Alabama.

Jan. 14, 1936.

Rehearing Denied Feb. 4, 1936.

---

[1] 26 Ala.App. 295.

[2] 26 Ala.App. 332.

Walters & Walters, of Troy, for appellant.

62

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

■ The defendant in this case was at the time of the alleged embezzlement the clerk of the circuit court of Pike county, and, as such, was, as fixed by statute, ex officio clerk of the county court. Of this fact and his duties as such officer, the courts take judicial notice. Corbin v. State, 15 Ala.App. 602, 74 So. 729; 12 Alabama and Southern Digest, Evidence, 44.

The defendant, as clerk aforesaid, rendered to the state board of administration itemized accounts of several criminal cases, where the defendant had been convicted of misdemeanors in the county court of Pike county aggregating $655.55. In these several accounts was an aggregate of $92.-50, correctly charged as solicitor's fees. The items in the cost bills having been audited and found to be correct and authorized by law, the comptroller of the state caused to be issued the state's warrant for the amount payable to John S. Enzor, clerk, and dated July 22, 1933.

The above warrant was indorsed by defendant and deposited to his credit as clerk in the First Farmers & Merchants National Bank at Troy. The warrant was paid by the state treasurer July 25, 1933. Of the amount so collected, the defendant failed to pay to the treasurer of Pike county the solicitor's fees in four cases, aggregating $92.50. Under the law it was the duty of defendant to have paid these fees into the treasury of Pike county within 30 days from the date of receipt thereof, which he did not do and did not offer to do.

The point is now made that the state has failed to make out its case, in that the indictment charges an embezzlement of money or funds of Pike county, when as matter of fact the embezzlement, if at all, was of the warrant or voucher of the state of Alabama. To sustain this position we are cited to our own cases of Brown v. State, 25 Ala.App. 117, 141 So. 725, and Bauer v. State, 25 Ala.App. 355, 146 So. 539, and others might have been cited holding to the view as expressed in the cases cited, many of which are cited by Bricken, P. J., in the Brown Case, supra. We are persuaded, however, that the facts in the above-cited cases may be clearly differentiated from the facts in the case at bar. The warrant drawn by the state comptroller was not money, but an order on the state treasurer to pay money on the order of Enzor, clerk. Enzor did not embezzle the warrant, but through and by it received and placed to his credit in the bank as clerk money of which, upon receipt, it became his duty as clerk to make proper disbursements, a part of which was to pay to the county treasurer the $92.50, including as legal fees in the aggregate amount. Using the methods of modern banking prevailing in this country, the defendant indorsed the warrant and turned it over to his local bank. That bank, in turn, sent it through the usual channels, with proper indorsements by each agency until it reached the treasurer of the state, when it was paid and so marked. This to all intents and purposes placed the money in the depositee bank and in the custody and under the control of defendant, and if the proceeds of the warrant or any part thereof were embezzled by him, it was done after the payment of the warrant and a return thereof to defendant's bank.

■ The state's warrant for $655.55, having been paid by the state treasurer, as is evidenced by the testimony of the paying teller, and the warrant itself marked "Paid," and the money having been remitted through the usual channels to the depositee bank, presumably became the property of defendant and subject to be checked out by him. Booth v. Oakland Bank of Savings, 122 Cal. 19, 54 P. 370; Detroit Savings Bank v. Haines, 128 Mich. 38, 87 N.W. 66; Sparrow v. State Exchange Bank, 103 Mo.App. 338, 77 S.W. 168; Woodbridge v. Saratoga First National Bank, 45 App.Div. 166, 61 N.Y.S. 258.

■ The fact that the deposit in the First Farmers & Merchants National Bank was in the name of John S. Enzor, clerk, did not have the effect of changing the character of the deposit from that of an individual to that of an official. The word "Clerk" added to the name was descriptio personæ.

But, when the warrant for $655.55 (being a general and not a special deposit) was paid and returned to the depositee bank, the relation then existing between the bank and Enzor was that of debtor and creditor, and the title and possession of the money was in the bank and not in Enzor. By check or order Enzor could direct the bank to pay amounts of money designated therein, which would extinguish the debt to the depositor to the extent of such sums represented by these checks. Southern Hardware & Supply Co. v. Lester, 166 Ala. 86, 52 So. 328; Wray v. Tuskegee Ins. Co., 34 Ala. 58.

In accord with the strict construction, which we must apply when dealing with criminal law, Enzor was never in possession of the money, the proceeds of the state's warrant given in payment of the four cost bills, and therefore there was a failure of proof as to this allegation of the indictment.

But the indictment charges in the alternative that the defendant as clerk, etc., "converted to his own use or the use of another person or corporation contrary to law a portion of such money or funds, so collected by him as clerk, etc."

It is uncontroverted that the state's warrant for $655.55 was in the possession of defendant as clerk, etc.; that included in this warrant was solicitor's fees aggregating $92.50 belonging to the county of Pike; that this defendant indorsed the warrant and took credit for it in the First Farmers & Merchants National Bank of Troy; that he has never accounted to the county for its part of the warrant so deposited. To the extent of $92.50, and perhaps all of it, the warrant of the state drawn on its treasurer was funds of the county of Pike. The word funds as used in the statute under which this prosecution is brought, according to its context, means not only money as the term is generally understood, but other circulating medium or instrument or tokens in general use in the commercial world as the representatives of value. It has been held that the term "money" is used to designate the whole volume of the evidence of exchange recognized by the custom of merchants and the laws of the country, just as the term lands designates all real estate.

In Allibone v. Ames, 9 S.D. 74, 68 N.W. 165, 33 L.R.A. 585, the court applies the definition to a certificate of deposit. In this state where the obligations of the state are paid by a warrant issued by the comptroller, drawn on the treasurer, and accepted by parties holding claims, such warrants are funds. Montgomery County v. Cochran, 121 F. 17, 57 C.C.A. 261; State v. McFetridge, 84 Wis. 473, 54 N.W. 1, 998, 20 L.R.A. 223; Taylor v. Robinson (D.C.) 34 F. 678, 681.

Under Code 1923, § 5512 the solicitor's fees included in the state's warrant belonged to the county of Pike and it became the duty of defendant as clerk of the circuit court, under Code 1923, § 6724, subsection 16, to make return and payment of these fees within 30 days after each term of the court. This he did not do.

The question of intent is to be drawn by the jury from all the facts and circumstances in the case.

As in other criminal cases, the burden of proving all the elements of the crime rests on the state, but where the prosecution has made a prima facie case of embezzlement as by proving facts which give rise to a presumption in its favor, as was done in the present case, it becomes incumbent upon the defendant to offer evidence in denial or explanation of the incriminating circumstances. In this case, the prosecution having offered evidence of the conversion of the warrant for $655.55, it was matter of defense to rebut the fraudulent intent by showing an honest disposition of the proceeds. 20 C.J. 482 (78) A.

The general charge was properly refused.

Evidence tending to prove the corpus delicti having been offered by the state and the proper predicate having been laid to establish its voluntary character, proof of a confession made by the defendant to the state examiner was properly admitted.

It is urged in brief that the confession of the defendant relative to the nonpayment of the solicitor's fees is inadmissible because it does not appear that at the time of the statement the defendant had received from the state the warrant for $655.55, in which payment of the fees was included.

The evidence on this point is that defendant made a statement to W. L. Lee, the examiner, while they were checking defendant's books that: "They (the fees) were paid to him by the Convict Department, but not remitted to the County Treasurer." According to the payment date on the warrant, it was paid July 25, 1933. Ac-

64

cording to the testimony of Lee, who alone testified to the fact, the statement was made "some time in July 1933." The time, therefore, must have been between July 25th and August 1st. At that time the defendant was not in default as under the law he would not be in default until 30 days after each term of the court, which under Code 1923, § 3810, was July 3rd. Code 1923, § 6724 (16). The evidence of the alleged confession was, therefore, illegal and should have been excluded. But did the admission of this evidence materially affect the substantial rights of the defendant? The fact had already been proven that the defendant had failed to make proper payment to the county long after it became defendant's duty to so distribute the money, and that it remained undistributed to the time of trial. These facts were undisputed, and therefore while the admission made to Lee, the examiner, was at a time which rendered the admission unavailing as a confession, the fact that it was then unpaid, coupled with the further evidence that the fund remained unpaid or unremitted after it became defendant's duty to so pay or remit to the county, rendered the error in the admission of the testimony without injury.

The refusal of the court to give at the request of defendant the general charge as to counts 2 and 3, can avail the defendant nothing on this appeal as the verdict of the jury found defendant guilty on the first count only, which in effect was an acquittal as to the other two counts.

The question propounded to Alex Brantley, judge of probate of Pike county, "Has he (defendant) ever paid you any costs in any criminal case since July 1933," and the answer, "Not that I know of," this evidence was properly admitted as tending to prove the intent of defendant in withholding money coming into his hands as clerk. Wall v. State, 2 Ala.App. 157, 56 So. 57. While the law does not provide for payment of solicitor's fees to the probate judge, it does require the payment of certain items of costs embraced in the warrant for $655.55 to him. In a prosecution for embezzlement, it is not error to allow testimony of other embezzlement of different property, similarly received, as going to show that the act was knowingly and intentionally done. Wall v. State, 2 Ala.App. 157, 56 So. 57.

The judgment is affirmed.
Affirmed.