# Rhodes *v.* The State.

*Indictment for Grand Larceny.*

1. *Evidence; when testimony of an accomplice admissible.*—On a trial under an indictment for larceny, where there is evidence, besides the testimony of the defendant's accomplice, tending to connect the defendant with the commission of the offense,

it is competent for such accomplice who assisted the defendant in the larceny, to testify to the fact that the larceny was committed by himself and defendant and another, and to give the circumstances attending the commission of the offense.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case was indicted, tried and convicted for larceny of a cow, the personal property of Jim Evans, and was sentenced to the penitentiary for 4 years. The facts in the case are sufficiently stated in the opinion.

GEO. STOWERS, for appellant, cited *Crane v. State,* 111 Ala. 45; *Buchanan v. State,* 109 Ala. 7.

MASSEY WILSON, Attorney-General for the State, · cited *Ross v. The State,* 74 Ala. 532; *Smith v. The State,* 59 Ala. 104; *Malachi v. The State,* 89 Ala. 134; *Bonner v. The State,* 107 Ala. 97.

HARALSON, J.—The prosecutor, Jim Evans, testified to the fact, that about the 7th of December, 1902, three head of cattle had been taken from him, one of them a three-quarter Jersey milch cow, one a red bull and the other a steer about two years old.

The evidence tended to show that the cow was found the next morning in the pasture of one Barganier, near Cecil, eight or ten miles from prosecutor's residence, and that she had been left there by defendant, who claimed to own her. It further tended to show, as testified by one Frizzle, who transacted business for Barganier, that about the break of day one morning about the 7th of December, 1902, the defendant came to witness' house at Cecil, with two cows, one a milch cow about three-quarter Jersey, and the other a red bull, and asked witness to let him put them in Mr. Barganier's pasture, and he allowed him to do so; that defendant made no explanatory statement about the cows; that about a half an hour afterwards, Pleas Bradley brought a steer and Henry Garrett brought a cow, and by witness' permission, placed them in the same pasture,

without any explanation; that defendant, Pleas and Henry, were all customers of Mr. Barganier; that afterwards he heard that said cattle were stolen, and he sent for defendant, Pleas and Henry, and told them to turn the cattle out of the pasture, which they did, and the cattle left, running at large, and a few days afterwards, Jim Evans (the prosecutor) and H. J. Alford came to him looking for four head of cattle, three the property of Evans and one the property of a man named Ribbins.

Pleas Bradley for the State testified that about December 7th, 1902, defendant suggested to him and Henry Garrett, that the three go that night and steal some cows from Jim Evans and Jim Ribbins; that they agreed to go that night and did go and steal some cows, three from Evans and one from Ribbins; that the ones from Evans were a dark Jersey cow, a red bull and a steer, and the one from Ribbins, a milch cow, and carried them to Cecil and put them in Barganier's pasture, etc. The evidence of this witness tended to show that defendant, Garrett and himself stole the cattle; the identity of the one stolen with the one described in the indictment, and every fact, sufficient, if his evidence were believed by the jury, to authorize them to find the defendant guilty. "Defendant here separately and severally objected to, and moved to exclude said evidence, and each fact therein stated, on the ground that the same was illegal, irrelevant, immaterial and incompetent; and on the ground that the witness shows that he was an accomplice, and that there was no other evidence corroborating the evidence of the witness tending to connect the defendant with the commission of the crime," which objections were overruled.

The objection other than that the witness was an accomplice, was palpably without merit; and as for the latter objection, there was corroborating evidence besides Bradley's tending to connect defendant with the commission of the offense. The evidence of the prosecutor and of Frizzle, corroborated that of Bradley in several particulars, sufficiently so as stated to connect defendant with the commission of the crime.

The motion to exclude Bradleys evidence was not made until at the conclusion of his evidence, none of which was objected to on any ground, as it came out. The motion was general, and the court was under no duty to separate the legal from the illegal, if any of it was illegal, and exclude the latter.—*Wright v. State,* 136 Ala. 140.

Affirmed.