# Bartlett *v.* The State.

*Violating Prohibition Law.*

(Decided February 4, 1913.  60 South. 938.)

1. *Charge of Court; Directing Verdict.*—Where there is a conflict in the evidence, a verdict cannot be properly directed in a criminal case.

2. *Appeal and Error; Harmless Error; Instructions.*—Where the fine assessed by a jury was many times the actual minimum, if there was error in the charge as to the amount of the minimum fine, it was error without injury.

3. *Evidence; Other Offenses.*—While as a general rule evidence of other offenses not connected with the crime charged is not admissible in evidence, yet where the defendant claimed that he was being persecuted by the prosecutor who has just previously thereto prosecuted him for vagrancy in that he sold unlawfully intoxicating liquors, it was competent to show in rebuttal that he pleaded guilty to such prosecution, and paid the fine.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

R. L. Bartlett was convicted of vagrancy in unlawfully selling intoxicating liquors, and he appeals. Affirmed.

MARK D. BRAINARD, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. It is competent to introduce evidence of the sale of liquor.— *Moss v. The State,* 58 South. 62. The evidence of conviction of former offense was admissible in rebuttal.— *Pugh v. The State,* 59 South. 936; *Ingram v. The State,* 36 Ala. 247.

THOMAS, J.—The defendant, on appeal to the city court of Montgomery, was there tried and convicted on complaint of the solicitor, based upon a warrant and affidavit charging defendant with vagrancy, in violation of subdivision 4 of section 7843 of the Code, defining as a vagrant "any person * * * who unlawfully sells or barters any spirituous, vinous or malt or other intoxicating liquors." In support of this charge the state offered evidence tending to show such unlawful sale; and the affirmative charge requested by defendant was thereofore properly refused.

Though this court is inclined to the view that that portion of the oral charge of the court to which excep-

[Bartlett v. The State.]

tion was taken, instructing the jury that the minimum
fine in cases like this, if they should find defendant
guilty, was $50, was erroneous, yet we do not deem it
necessary to decide the question, since, if the court was
in error in this particular it was clearly error without
injury, because the fine assessed by the jury on convic-
tion was $300, far in excess of even the minimum stated.

The general rule is that proof of other and distinct
and separate crimes committed by a defendant is not
admissible in support of a prosecution against him
for one not in any way connected with them, yet it af-
firmatively appears from the record in this case that the
evidence offered by the state to show that the prosecu-
tor in the present case previously prosecuted the de-
fendant on a similar charge, and that defendant pleaded
guilty and paid the fine, while inadmissible as a gen-
eral proposition, was made admissible in this case by
the act of the defendant himself, since he testified that
the prosecutor "had it in for him," and had previously
prosecuted him on a similar charge, seeking thereby to
convey the idea that he (defendant) was innocent then,
and is innocent now, and is being persecuted by the
prosecutor. This evidence of defendant that he had
been before recently prosecuted on a similar charge by
the same person was illegal, irrelevant, incompetent,
and immaterial testimony; but he drew it out, and can-
not complain now that the state was permitted to rebut
its inferences by showing that the prosecutor named
was a deputy sheriff, and that at the time he arrested
and prosecuted defendant, as testified to by the latter,
the defendant pleaded guilty and paid the fine, thereby
contradicting inferentially the implication of the de-
fendant that the prosecutor was acting, either then or
now, from evil motives and persecuting an innocent
man. The defendant opened the door to this illegal tes-

timony by offering illegal testimony it was designed to rebut, thereby making it admissible.—*Wall v. State,* 2 Ala. App. 170, 56 South. 57.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.