# Hickey *v.* The State.

## *Burglary.*

(Decided February 2, 1915.   67 South. 732.)

1. *Burglary; Prima Facie Case.*—Evidence that the defendant sold a ham recently stolen from the smoke house of the prosecutor in connection with proof of the breaking of such smoke house, made out a prima facie case of burglary.

2. *Trial; Argument of Counsel; Limiting.*—In an ordinary simple case it cannot be said to be an abuse of discretion for the court to limit the argument to 35 minutes per side.

3. *Witnesses; Examination and Cross.*—Where the defendant, in explanation of his possession of an alleged ham, testified that it was one of four hams which he had cured himself, and that he had sold two of the others to another merchant, the state may show that the two hams referred to were also stolen, for the purpose of impeachment. While the state could not impeach by proof of the falsity of

statements as to immaterial matters drawn out by the solicitor on cross-examination, at the same time it was entitled to impeach the defendant by proof of the falsity of statements made on his direct examination, as it might any other witness.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Elbert Hickey was convicted of burglary and he appeals. Affirmed.

LACKEY & ROWLAND, for appellant. No brief reached the Reporter.

W. L. MARTIN, Attorney General and W. H. MITCHELL, Assistant Attorney General, for the State.

THOMAS, J.—The appellant was charged with and convicted of burglary. It appeared from the state's evidense that the smokehouse of one Williams had been broken into, and that from it had been stolen, among other things, one home-cured ham; that immediately thereafter Williams commenced a search for the stolen property and found that a ham corresponding in certain peculiarities and distinguishing features with his, and which he and other witnesses identified as his, and which was introduced in evidence, had been sold by the defendant to a merchant in the nearby town of Goodwater, who surrendered it to Williams, and who testified at the trial that it had been sold to him by defendant shortly after the alleged burglary. This made out a prima facie case for the state; since, if the jury believed beyond a reasonable doubt that the ham that was sold by defendant was the ham that had been recently stolen, as the state's evidence tended, as seen, to show, they would be authorized in finding defendant guilty, unless he offered satisfactory explanation of his possession.— 1 Mayf. Dig. 582, § 36.

[Hickey v. The State.]

The evidence for defendant tended, however, to dispute one of the predicates upon which the state's prima facie case was rested and to show that the ham in evidence, and which he (defendant) admittedly sold to the mentioned merchant at Goodwater, was not the stolen ham, but a ham which belonged to defendant himself and which he had saved or cured from hogs that he had raised. He and his witnesses further testified, at the instance of his own counsel, that he had saved or cured, not only the ham in question, but three others at the same time, and that he had disposed of all four of them—one to the merchant at Goodwater, as shown, two to a certain named merchant at Ashland, and that he (defendant) had eaten the remaining one.

In rebuttal, the state was permitted to show, over the objection of defendant, and solely for the purpose of impeaching him, that the two hams which he swore that he sold to the merchant at Ashland were not, as he had sworn, hams that had been saved or cured by him, but were hams that had also been stolen from the smoke-house of another party in that community. The defendant insists that the court was in error in admitting this impeaching testimony, because it related to a matter that was entirely immaterial to the issue on trial and involved proof of another and different crime from that under investigation.

If the state had itself drawn out on cross-examination of defendant these immaterial facts, then it is clear that the law would have forbidden it from offering any evidence contradicting the statement of the defendant as to those facts (*Crawford v. State,* 112 Ala. 19, 21 South. 214) ; but where, as here, the defendant himself, by his own evidence, brought out those facts, with the view and for the evident purpose of corroborating his testimony on the real issue, he is in no position to complain

[Hickey v. The State.]

that the state was permitted. to afterwards contradict and rebut the evidence of those facts.—*Dozier v. Joyce,* 8 Port. 303; *Bartlett v. State,* 7 Ala. App. 87, 60 South. 958; *Wall v. State,* 2 Ala. App. 170, 56 South. 57.

The rule on the subject, as obtaining in this state, is that a witness, even though he is a party to the action, or the defendant in a criminal prosecution, cannot be contradicted for the purpose of impeachment as to collateral, irrelevant, or immaterial matters, when drawn out on cross-examination by the opposing party, but that he may be contradicted for the purpose of impeachment, even as to such facts, when they are drawn out on his direct examination; since in the latter case he voluntarily opens the door to the illegal evidence and invites his adversary in.—Authorities, supra; *Crawford v. State,* 112 Ala. 19, 21 South. 214; *Dozier v. Joyce,* 8. Port. 303; 40 Cyc. 2769.

Complaint is made of the action of the court in limiting the argument of counsel on either side to 35 minutes. This was a matter resting within the sound discretion of the trial court, and will not be reviewed unless shown to have been abused. It does not so appear in this case, where the facts were few and simple and the law plain and familiar, and where the only material issue was:

"Whose ham was it that the defendant sold the merchant at Goodwater—defendant's or prosecutor's?" *Yeldell v. State,* 100 Ala. 26, 14 South. 570, 46 Am. St. Rep. 20.

We have discussed all questions urged in brief. We find no error after an examination of the entire record, and the judgment appealed from is consequently affirmed.

Affirmed.