# Elmore v. The State.

**Larceny.**

(Decided August 1, 1916.   72 South. 568.)

1. **Evidence; Accomplices; Corroboration.**—The evidence tending to iden-tify the stolen bale of cotton with one which defendant had deposited in the warehouse, together with other facts, held a sufficient corroboration of the testimony of an accomplice.

2. **Larceny; Evidence.**—Testimony identifying a stolen bale of cotton with one deposited by defendant in a warehouse after the markings had been changed, was admissible in a prosecution for the larceny of cotton.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Henry Elmore was convicted of the larceny of a bale of cot-ton, and he appeals.   Affirmed.

GIBSON & BOOTHE, and JOHN A. ELMORE, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, As-sistant Attorney General, for the State.

BROWN, J.—The defendant was jointly indicted with Lige Washington for the larceny of a bale of cotton, the property of Ellen Smith, demanded a severance, was tried and convicted. Washington, who had been tried and convicted of the offense, testified as a witness for the state, and the appellant contends that the only evidence offered by the state tending to connect him with the offense was the testimony of Washington, and that he should not have been convicted on the uncorroborated testimony of an accomplice.

Washington denied that he had anything to do with taking the cotton, and testified that he had started to Montgomery with some potatoes, and while passing the defendant's house the de-fendant accosted him and asked him to haul the bale of cotton to town; that the cotton was then in defendant's yard in plain view of the road; that he (witness) carried the cotton to Montgomery and left it at Loeb's warehouse; that defendant accompanied the witness to Montgomery, rode on the bale of cotton, and paid the ferriage at the river, and paid witness for hauling the cotton; that the bale was marked with the letters "M. E.," and that defendant's wife was named Martha Elmore.

The defendant testified in his own behalf that he went with Washington to Montgomery; that he first saw Washington at the ferry with the cotton on his wagon; that he had nothing to do with the cotton and had no knowledge that it was stolen; that he asked Washington to let him ride on the wagon to Montgomery, where he was going on business; that he went to the warehouse and Washington sold the cotton there and got money for it.

(1) The state offered other evidence tending to show that the cotton carried by Washington to Montgomery was stolen from Albert Smith's gin; that the cotton belonged to Ellen Smith and was marked at the gin "B. R. 526. E. S.;" that it was left in the ginyard, which was inclosed with a wire fence; that the cotton was missed the next morning after it was ginned; that the fence had been broken down in one corner of the yard and the bale of cotton rolled out; that the tracks of a wagon apparently drawn by a mule and the tracks of two different persons were found near where the cotton was taken out of the yard, and the wagon tracks led to the "air-line road;" that defendant and Washington crossed the river at Washington ferry and Washington was driving a mule hitched to a wagon loaded with a bale of cotton. The cotton was found at Loeb's warehouse, the lettering having been changed, and was marked "M. E.," and stored in the name of Martha Elmore, the wife of defendant. The original gin number, 526, was not changed.

The defendant and Washington returned from Montgomery together in the wagon drawn by a mule, and stopped at the ferry and treated the ferryman to a drink of whisky.

This statement of the evidence shows that the testimony of the witness Washington was sufficiently corroborated to authorize the submission of the case to the jury.—*Snoddy v. State*, 75 Ala. 23; *Malachi v. State*, 89 Ala. 134, 18 South. 104; *Rhodes v. State*, 141 Ala. 66, 37 South. 365.

(2) The testimony of McQueen Smith tending to identify the bale of cotton and that the markings thereon had been changed was clearly admissible, and defendant's motion to exclude "all the witness said about the bale of cotton" was properly overruled.

There was ample evidence, if believed by the jury beyond a reasonable doubt, to support their findings, and the motion for new trial was properly denied.

Affirmed.