50 So.2d 455

### JACKSON v. STATE.
### 8 Div. 986.

Court of Appeals of Alabama.
Feb. 7, 1951.

Starnes & Starnes, Guntersville, for appellant.

Silas Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

At the spring term, 1947, the grand jury of Marshall County returned an indictment against the accused, charging him with burglary. His trial and conviction followed.

The transcript was filed in this court on January 12, 1951, and the cause was submitted on briefs on January 18, 1951.

Such long delays in the administration of our criminal laws are certainly not conducive to confidence in nor respect for the processes and procedures of our courts.

The appellant defended his case in the court below without the aid of counsel. He did not request the general affirmative charge. There are no questions presented for our review on any rulings of the court relating to the introduction of evidence.

We have often held that our review is limited to those matters upon which the action or ruling at nisi prius was invoked. Lipscomb v. State, 32 Ala.App. 623, 29 So. 2d 145.

The motion for new trial poses the ground that the verdict was contrary to the great weight of the evidence. There is no merit in this position.

The admitted accomplice testified that he and the appellant entered the burglarized building after opening a closed door and took therefrom silverware, jewelry, and some other articles. The appellant admitted at the trial that subsequent to the date of the burglary he had the possession of some of these stolen goods, but he claimed that the accomplice, his brother-in-law, pawned them to him.

Clearly, in this state of the record, we are not authorized to hold that the trial judge was in error in denying the motion for a new trial. Elmore v. State, 15 Ala. App. 65, 72 So. 568; Hickey v. State, 12 Ala.App. 143, 67 So. 732; Swoope v. State, 19 Ala.App. 254, 96 So. 728; Holcomb v. State, 26 Ala.App. 593, 164 So. 300; Comer v. State, 28 Ala.App. 470, 188 So. 691.

The judgment below is ordered affirmed.

Affirmed.